# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| John J. Shufeldt, M.D., <br> *Plaintiff* <br> v. <br> Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. No. 3:17-cv-01078 <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: NextCare Holdings, Inc.
1138 N. Alma School Road, Suite 120, Mesa, AZ 85201

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Christian, Dichter & Sluga, P.C. <br> 2700 N. Central Ave. Suite 1200, Phoenix, AZ 85004 | Date and Time: <br> 02/27/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/28/2019

*CLERK OF COURT*

OR _[signature]_

Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. , who issues or requests this subpoena, are:

Mark Lenihan, mlenihan@simsfunk.com, (615) 425-7430

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. No. 3:17-cv-01078

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☑ I served the subpoena by delivering a copy to the named person as follows: Next Care Holdings, Inc. by Certified Mail

on *(date)* 01/28/2019 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 02/08/2019

*M. Alexis Mendel*
*Server's signature*

Alexis Mendl, Paralegal
*Printed name and title*

Sims|Funk, PLC
3322 West End Ave., Ste. 200
Nashville, TN 37203
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## Definitions & Instructions

1. "You," "your," or "NextCare" means NextCare Holdings, Inc., its parents, subsidiaries, and affiliates, and their directors, officers, employees, agents, attorneys, and other representatives.

2. "Shufeldt" means John Shufeldt, M.D..

3. "Baker Donelson" means Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., a Tennessee professional corporation.

4. "Shufeldt Litigation" refers to the action styled *Shufeldt v. NextCare Holdings Inc., et al.*, No. CV2015-054203, in the Superior Court of the State of Arizona in and for the County of Maricopa.

5. "Document(s)," shall be read in its broadest possible sense and in accordance with the use of the term in Rules 26 and 34 of the Federal Rules of Civil Procedure. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronic or recorded information. For purposes of illustration only, the term shall include: correspondence, e-mails, transcripts of testimony, letters, notes, reports, papers, files, books, records, contracts, agreements, telegrams, teletypes, and other communications sent or received; diaries, calendars, logs, notes, or memoranda of telephonic or face-to-face conversations; drafts, work papers, agendas, bulletins, notices, circulars, announcements, instructions, schedules, minutes, summaries, notes, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments, ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses, statements, interviews, affidavits, printed matter (including published books, articles, speeches, and newspaper clippings), press releases, charts, drawings, specifications, manuals, brochures, and memoranda of all kinds to and from any persons, agencies, or entities.

6. "Person" and "persons" means (1) any natural person, corporation, proprietorship, partnership, joint venture, limited liability entity, and all other organizations, associations, groups, companies, institutions, firms, governmental bodies, and entities; (2) any parent, subsidiary, division, affiliate or department thereof; and (3) any agent, employee, officer, director, or other representative thereof.

7. "Communication" means any utterance or written notation, or written or verbal statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, and other understandings between or among two or more persons.

8. "Concerning" shall have the broadest meaning possible, which includes regarding, relating to, referring to, containing, alluding to, responding to, commenting upon, evidencing, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting,

comprising, setting forth, describing, summarizing, or characterizing either directly or indirectly, in whole or in part.

9. The terms "relate to," "related to," "relating to," "regarding," "relevant," and "relevance" are intended as objective, rather than subjective, terms and, when used with regard to a document or communication, the meaning of these terms includes, but is not limited to, whether such document or communication regards, records, summarizes, makes mention of, concerns, regulates, constitutes, evidences the existence of, or otherwise refers to any subject or event out of which this action arose or about which the interrogatory or request for production probes.

10. If you contend that any document requested below is privileged or otherwise immune from discovery, please identify all such documents by general nature (*e.g.,* letter, memorandum, *etc.*), author, all recipients, date of creation, and subject matter, and state what privilege or immunity you contend applies and the basis for your contention.

## Documents To Be Produced

1. All documents relating to any contract or agreement between You and Shufeldt.

2. All written discovery responses issued by any party in the Shufeldt Litigation,

3. All documents produced in the Shufeldt Litigation by any party or any third party.

4. All documents You identified as responsive to any document requests issued in the Shufeldt Litigation, whether or not such documents were actually produced in that action.

5. All expert reports and supporting materials produced by any party in the Shufeldt Litigation.

6. Transcripts of all depositions taken in the Shufeldt Litigation.

7. All documents relating to the mediation or settlement of the claims asserted in the Shufeldt Litigation and any other litigation between You and Shufeldt.

8. All documents relating to any request by Shufeldt for corporate records from You pursuant Delaware law, including any document produced in response to such request.

9. All documents relating to Baker Donelson.

10. All documents relating to any valuation of NextCare or its stock by Cogent Valuation, Arcstone Partners, Ceteris, or any other person or entity between 2008 and 2013.

11. All financial projections and other documents You provided to Cogent Valuation for purposes of valuing NextCare or its stock between 2008 and 2013.

12. All communications and other documents sent to or received from Shufeldt after he resigned his employment with NextCare.

13. All communications and other documents relating to NextCare's payment of or reimbursement for attorneys' fees incurred by Shufeldt in connection with any litigation or government investigation or proceeding.

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NextCare Holdings, Inc.
c/o Capitol Services, Inc.
1675 S State St., Ste. B
Dover, DE 19901

9590 9403 0467 5173 0042 11

2. Article Number (Transfer from service label)

7015 1520 0000 3571 3477

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Jess Davis_
☑ Agent
☐ Addressee

B. Received by (Printed Name): Jess Davis
C. Date of Delivery: 2/4/19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery (00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053 — Domestic Return Receipt