IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE AT NASHVILLE

| | |
|---|---|
| JOHN J. SHUFELDT, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 3:17-cv-01078 |
| ) | JURY DEMAND |
| BAKER, DONELSON, BEARMAN, ) | |
| CALDWELL & BERKOWITZ, P.C., ) | JUDGE CRENSHAW |
| ) | MAGISTRATE JUDGE NEWBERN |
| Defendant. ) | |

### DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") hereby propounds this first set of interrogatories and requests for production of documents to plaintiff John J. Shufeldt, M.D. ("Shufeldt"), the answers to which are to be served within thirty (30) days of service hereof. All responsive documents should be produced on or before their due date at the offices of Sims|Funk, PLC, 3322 West End Avenue, Suite 200, Nashville, TN 37203, or at such other time and place mutually agreed upon by the parties.

### DEFINITIONS & INSTRUCTIONS

1.  The term "identify" when used in any interrogatory or request shall mean:

    (a) <u>when used in reference to an individual</u>, to state his full name and present or last known address, telephone number, the full name and present or last known address of his employer or business, and the individual's position with said employer or business; <u>when used in reference to an organization or entity</u>, to state its full name and present or last known address, telephone number, and fully describe the business or activity in which the organization or entity is engaged;

    (b) <u>when used in reference to a document</u>, to state the date, author, recipients, type of document (e.g., letter, memorandum, photograph, telegram, tape recording, etc.), subject matter and its present or last known location and custodian. If any such document was, but is no

longer, in your possession or custody or subject to your control, state what disposition was made of it;

    (c) <u>when used in reference to a statement, representation or communication</u>, to provide the date, persons involved, form of the statement, representation or communication (e.g. whether in person, in writing, by telephone), and subject matters discussed; and

    (d) <u>when used in reference to a legal action or proceeding</u>, to provide the full name of the parties, the name of the court, the case or docket number, and the nature and current status of the action or proceeding.

  2. The term "document" as used in any interrogatory or request shall be defined to the broadest extent permitted by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, every writing or record of every type and description that is or has been in your possession, control or custody, or of which you have knowledge, including but not limited to videotapes, photographs, charts, notes, records, reports, letters, memoranda, books, magazines, notebooks, diaries, papers, agreements, contracts, bills, statements, invoices, analyses, transcripts, correspondence, telegrams, drafts, data processing discs or tapes and computer-produced interpretations thereof, x-rays, instructions, announcements and sound recordings and transcripts thereof. "Document" shall also include all copies that are not identical to the original, such as those bearing marginal comments, alterations or other notations not present on the original document as originally written, typed or otherwise prepared.

  3. "Document" includes all "electronically stored information" ("ESI") as that term is used in the Federal Rules of Civil Procedure. All ESI is to be produced in native format and is to include all metadata associated therewith.

  4. The terms "you" or "your" refer to plaintiff, his agents, attorneys and other representatives.

  5. "NextCare" refers to NextCare Holdings, Inc.

  6. "Underlying Action" refers to the litigation styled *Shufeldt v. NextCare Holdings, Inc. et al.*, Maricopa County, Arizona Superior Court, No. CV2015-054203.

  7. "Shufeldt Employment Action" refers to the litigation you filed against NextCare in Arizona that is referenced in paragraph 45 of your complaint in the Underlying Action.

  8. "Shufeldt Records Action" refers to the litigation you filed against NextCare in Delaware that is referenced in paragraph 43 of your complaint in the Underlying Action.

  9. "Qui Tam Action" refers to the litigation filed by Antonio Saidiani in the United States District Court for the Western District of North Carolina, No. 3:11-cv-0141.

  10. "EEF" refers to Enhanced Equity Fund, L.P.

11. If you contend that any document requested below is privileged or otherwise immune from discovery, please identify all such documents by general nature (*e.g.,* letter, memorandum, *etc.*), author, all recipients, date of creation, and subject matter, and state what privilege or immunity you contend applies and the basis for your contention.

## INTERROGATORIES

1. Identify all persons known to you to have knowledge of the facts of this case and state the substance of the facts known to each such person.

**RESPONSE:**


2. Identify all persons known to you to have knowledge of the facts of the Underlying Action and state the substance of the facts known to each such person.

**RESPONSE:**


3. With respect to each person you expect to call as an expert witness in the trial of this matter, identify each expert and for each expert state the following:

(a) Name and address of the expert's employer;

(b) Name and address of any organizations with which the witness is associated in any professional capacity;

(c) The field in which the witness is to be offered as an expert;

(d) A summary of educational background and qualifications within the field in which the witness is expected to testify and citations to all publications written in whole or in part by the witness;

(e) The substance of the facts and opinions to which the witness is expected to testify;

(f) A summary of the grounds for each opinion to which the expert is expected to testify; and

(g) The style of any cases in which the expert has testified in the past, including the name of the court, the county and state where the court is located, and the date the expert testified.

**RESPONSE:**

4. Identify the nature and extent of all losses or damages allegedly incurred by you as a result of the allegations in the complaint and state how the amount of the loss or damage was calculated.

**RESPONSE:**

5. Describe in detail the "communications" referenced in paragraph 2 on page 3 of your complaint in this action and identify all documents relating to or evidencing any such communications and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

6. Identify the nature of all claims other than those actually asserted against NextCare in the complaint in the Underlying Action that you contend you had with respect to the facts alleged in the complaint in the Underlying Action, state in detail the basis for your contention that each such claim existed, identify all persons or entities having liability with respect to each such claims, and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

7. State the date on which you contend that the statute of limitations expired on your breach of fiduciary duty claims asserted against NextCare in the Underlying Litigation, describe in detail the basis for your contention, and identify all documents relating to or supporting your contention and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

8. State the date on which you contend that the statutes of limitations expired on each of the claims identified in your response to Interrogatory No. 6 above, describe in detail the basis for your contention, and identify all documents relating to or supporting your contention and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

9. Describe in detail how and when you "first learned that the statute of limitations may have run on certain claims," as alleged in paragraph 6 on page 4 of your complaint in this action, and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

10. State the legal basis upon which you seek to recover your attorney's fees and expenses in this action.

**RESPONSE:**

11. With respect to the Shufeldt Employment Action, state the date it was filed, the court in which it was filed, the docket number, the date it was resolved or concluded, identify all parties thereto, and describe the manner and terms of its resolution or conclusion.

**RESPONSE:**


12. With respect to the Shufeldt Records Action, state the date it was filed, the court in which it was filed, the docket number, the date it was resolved or concluded, identify all parties thereto, and describe the manner and terms of its resolution or conclusion.

**RESPONSE:**


13. With respect to the Qui Tam Action, describe the nature of the claims made against you, state the date that each such claim was resolved or concluded, and describe the manner and terms of the resolution or conclusion of each such claim.

**RESPONSE:**


14. State in detail the basis for the allegation in paragraph 45 of the complaint in the Underlying Action that "Plaintiff did not have the resources to adequately defend himself in [the Qui Tam Action] without NextCare's contractually required advancement," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

15. State in detail the basis for the allegation in paragraph 27 of the complaint in the Underlying Action that plaintiff "was not financially in a position to challenge the valuations," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

16. State in detail the basis for the allegation in paragraph 4 of the complaint in the Underlying Action that plaintiff "did not have the means to invest additional funds into the Company to prevent the further dilution of his ownership . . . .," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

17. State in detail the basis for the allegation in paragraph 3 of the complaint in the Underlying Action that "EEF used its control of the Board to take advantage of Plaintiff's departure and seize complete control of the Company. EEF accomplished this task by manipulating the Company's valuation, thus causing the stock held by Plaintiff to appear worthless," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

18. State in detail the basis for the allegation in paragraph 3 of the complaint in the Underlying Action that "Among other things, management, under the control of EEF, provided

the Company's financial advisor with substantially depressed financial projections," which in turn, decreased NextCare's valuation," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**


19. State in detail the basis for the allegation in paragraph 3 of the complaint in the Underlying Action that "Over the next year, EEF, and individuals associated with EEF, used the manipulated valuation of the Company to continue to buy preferential stock at a deep discount, which in turn caused the near total dilution of Plaintiff's holdings," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**


20. State in detail the basis for your allegation in paragraph 33 of the complaint in the Underlying Action that "[t]he 2010 Challenged Transaction occurred at an unfair price and as the result of an unfair process," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**


21. State in detail the basis for your allegation in paragraph 40 of the complaint in the Underlying Action that "[t]he 2012 Challenged Transaction was also the result of an unfair

process and unfair price," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

22. State in detail the basis for your allegation in paragraph 30 of the complaint in the Underlying Action that "[t]he valuation of the Company was further manipulated, allowing EEF to cement its control over the Company," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

23. State in detail the basis for your allegation in paragraph 41 of the complaint in the Underlying Action that "[i]f the Challenged Transactions were done correctly and in good faith, Plaintiff and the other founders of the Company would continue to own in excess of 25% of NextCare's stock, as opposed to the 1.3% claimed," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

24. Identify all of the "founders of the Company" referenced in paragraph 41 of the complaint in the Underlying Action.

**RESPONSE:**

25. Identify every attorney with whom you communicated prior to October 7, 2015 concerning your claims or potential claims against NextCare, or any other person or entity, arising out of the facts set forth the complaint in the Underlying Action or any statute of limitations issue regarding such claims or potential claims, and, for each such communication, state the date that it occurred, whether the communication was oral or in writing, and the substance of the communication, and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents identified in your responses to the foregoing interrogatories.

**RESPONSE:**

2. All communications and other documents related to or referencing your representation by Baker Donelson.

**RESPONSE:**

3. All documents relating to, referencing, or supporting any of your claims of negligence against Baker Donelson in this action.

**RESPONSE:**

4. All documents relating to or referencing the Qui Tam Action or Antonio Saidiani.

**RESPONSE:**

5. All documents relating to or referencing the United States Department of Justice's investigation of NextCare.

**RESPONSE:**

6. All documents relating to or referencing the United States Department of Justice's investigation of you.

**RESPONSE:**

7. All documents relating to or referencing the Shufeldt Employment Action.

**RESPONSE:**

8. All documents relating to or referencing the Shufeldt Records Action, including but not limited to all documents obtained by you in that action.

**RESPONSE:**

9. All documents relating to, referencing, sent to or received from NextCare after January 1, 2008.

**RESPONSE:**

10. All documents relating to or referencing NextCare's Series A Preferred Stock.

**RESPONSE:**

11. All documents relating to or referencing NextCare's Series A-1 Preferred Stock.

**RESPONSE:**

12. All documents relating to or referencing NextCare's Series B Preferred Stock.

**RESPONSE:**

13. All documents relating to or referencing NextCare's Series C Preferred Stock.

**RESPONSE:**

14. All documents relating to or referencing NextCare's Series AA Preferred Stock.

**RESPONSE:**

15. All documents relating to, referencing, sent to or received from the persons identified as "founders of the Company" in your response to Interrogatory No. 24 above after January 1, 2008.

**RESPONSE:**

16. All documents relating to, referencing, sent to or received from John Julian.

**RESPONSE:**

17. All documents relating to, referencing, sent to or received from Malcolm Kostuchenko.

**RESPONSE:**

18. All documents relating to, referencing, sent to or received from Andrew Paul.

**RESPONSE:**

19. All documents relating to, referencing, sent to or received from Fred Brown.

**RESPONSE:**

20. All documents relating to, referencing, sent to or received from Breaux Castleman.

**RESPONSE:**

21. All documents relating to, referencing, sent to or received from Larry Wolk.

**RESPONSE:**

22. All documents relating to, referencing, sent to or received from EEF.

**RESPONSE:**

23. All documents relating to, referencing, sent to or received from any of the attorneys referenced in your response to Interrogatory No. 25 above.

**RESPONSE:**

24. All documents relating to or referencing the statute of limitations period applicable to the claims asserted against NextCare in the Underlying Action.

**RESPONSE:**

25. All documents relating to or referencing the statute of limitations period applicable to any of the claims identified in your response to Interrogatory No. 6 above.

**RESPONSE:**

26. All documents relating to or referencing your resignation as an officer or director of NextCare.

**RESPONSE:**

27. All documents relating to or referencing NextCare's threat to stop paying, or refusal to pay, your legal fees incurred in connection with the Qui Tam Action or the United States Department of Justice's investigation of you or NextCare.

**RESPONSE:**

28. All documents relating to or supporting your response to Interrogatory No. 10 above concerning recovery of attorney's fees and expenses in this action.

**RESPONSE:**

29. All documents relating to, referencing or obtained during the course of the Underlying Action, including but not limited to pleadings, orders, correspondence, discovery, documents obtained from parties or third parties in discovery, documents obtained informally, *etc.*

**RESPONSE:**

30. All documents relating to, referencing or evidencing the settlement of the Underlying Action or the negotiations leading to the settlement.

**RESPONSE**:

31. All documents sent to or received from the mediator in the Underlying Action.

**RESPONSE**:

32. All documents relating to, referencing, analyzing or evaluating NextCare's statute of limitations defense in the Underlying Action.

**RESPONSE**:

33. All documents relating to, referencing or supporting your breach of fiduciary duty claims in the Underlying Action.

**RESPONSE**:

34. All documents relating to, referencing or evidencing any of the valuations referenced in the complaint in the Underlying Action or any manipulation of those valuations.

**RESPONSE**:

35. All documents relating to, referencing, sent to, or received from Arcstone Partners.

**RESPONSE**:

36. All documents relating to, referencing, sent to, or received from Ceteris US LLC.

**RESPONSE:**

37. All documents relating to, referencing, sent to, or received from Cogent Valuation.

**RESPONSE:**

38. All documents relating to, referencing or evidencing the financial projections referenced in paragraph 3 of the complaint in the Underlying Action or any manipulation or depression of those projections.

**RESPONSE:**

39. All documents relating to, referencing or evidencing the "2010 Challenged Transaction," as that term is defined in the complaint in the Underlying Action.

**RESPONSE:**

40. All documents relating to, referencing or evidencing the "2012 Challenged Transaction," as that term is defined in the complaint in the Underlying Action.

**RESPONSE:**

41. All documents relating to, referencing or evidencing the purchase or conversion of stock in NextCare by EEF or any individual or entity associated with EEF.

**RESPONSE:**

42. All documents sent to or received from any officer, director, shareholder, employee, agent, or representative of NextCare after January 1, 2008, concerning any of the events referenced in the complaint in the Underlying Action.

**RESPONSE:**

43. All documents relating to or supporting your response to Interrogatory No. 4 above concerning your alleged damages.

**RESPONSE:**

44. All documents sent to, received from or created by any expert identified in your response to Interrogatory 3 above.

**RESPONSE:**

45. All documents sent to or received from the "financial expert" referenced in paragraph 43 of the complaint in the Underlying Action.

**RESPONSE:**

46. Complete copies of your state and federal tax returns and all schedules thereto for the years 2010 through 2015.

**RESPONSE:**

47. All documents evidencing the fee arrangement between you and any attorney or law firm representing you in the Underlying Action.

**RESPONSE:**

Respectfully submitted,

*(signature)*

W. Scott Sims (#17563)
D. Gil Schuette (#30336)
SIMS|FUNK, PLC
3322 West End Avenue, Suite #200
Nashville, TN 37203
(615) 292-9335
ssims@simsfunk.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was served on the following individual via e-mail and U.S. Mail on January 11, 2018:

August C. Winter
750 Old Hickory Blvd, Suite 150 Bld. 2
Brentwood, Tennessee 37027
gwinterlawoffice@comcast.net

*(signature)*