# Exhibit A

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| JOHN J. SHUFELDT, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:17-cv-01078 |
| | ) | JURY DEMAND |
| BAKER, DONELSON, BEARMAN, | ) | |
| CALDWELL & BERKOWITZ, P.C., | ) | JUDGE CRENSHAW |
| | ) | M. JUDGE NEWBERN |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

### INTERROGATORIES

1.     Identify all persons known to you to have knowledge of the facts of this case and state the substance of the facts known to each such person.

**RESPONSE:  The plaintiff and his former attorneys Patton Hahn and Adam Winger have knowledge of the actions taken and not taken by the attorneys during the course of their representation of the Plaintiff.**


2.     Identify all persons known to you to have knowledge of the facts of the Underlying Action and state the substance of the facts known to each such person.

**RESPONSE:  In addition to the persons identified in the parties' Initial Disclosures, Matthew Morris of RGL Forensics, 5215 North O'Connor Blvd., Central Tower,**

**Suite 640, Irving, TX 75039, has knowledge of facts pertaining to the valuation of**

**NextCare Holdings, Inc.**

3.      With respect to each person you expect to call as an expert witness in the trial of

this matter, identify each expert and for each expert state the following:

      (a)      Name and address of the expert's employer;

      (b)      Name and address of any organizations with which the witness is

associated in any professional capacity;

      (c)      The field in which the witness is to be offered as an expert;

      (d)      A summary of educational background and qualifications within the field

in which the witness is expected to testify and citations to all publications written

in whole or in part by the witness;

      (e)      The substance of the facts and opinions to which the witness is expected to

testify;

      (f)      A summary of the grounds for each opinion to which the expert is

expected to testify; and

      (g)      The style of any cases in which the expert has testified in the past,

including the name of the court, the county and state where the court is located,

and the date the expert testified.

**RESPONSE:  Plaintiff expects that he will call Robert Hackett as an expert witness**

**at the trial of this cause and refers Defendant to the Preliminary Affidavit of Mr.**

**Hackett that was filed with the Complaint in this cause.  However, at this point,**

pending discovery, Mr. Hackett's opinions remain preliminary. The response to this interrogatory with respect to both Mr. Hackett and any other person Plaintiff expects to call as an expert witness at trial will be supplemented.

4.    Identify the nature and extent of all losses or damages allegedly incurred by you as a result of the allegations in the complaint and state how the amount of the loss or damage was calculated.

**RESPONSE:  The Plaintiff has provided a description of his claimed damages and a calculation of the amount of those damages in his Initial Disclosures.  Plaintiff anticipates that his response to this interrogatory will be supplemented.**

5.    Describe in detail the "communications" referenced in paragraph 2 on page 3 of your complaint in this action and identify all documents relating to or evidencing any such communications and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:  Objection.  This interrogatory is overly broad, unduly vague and overly burdensome.  It seeks disclosure of privileged matter and materials subject to preceding confidentiality orders and agreements.  It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Without waiving these objections, Plaintiff states that these communications are presented in the course of the parties' correspondence, including Baker Donelson's engagement**

letter, its memoranda sent to Dr. Shufeldt, and an email Dr. Shufeldt shared with Baker Donelson attesting that he "will seek redress for NextCare's inappropriate actions tirelessly and to [his] last dime."

6.      Identify the nature of all claims other than those actually asserted against NextCare in the complaint in the Underlying Action that you contend you had with respect to the facts alleged in the complaint in the Underlying Action, state in detail the basis for your contention that each such claim existed, identify all persons or entities having liability with respect to each such claims, and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:  Objection.  Besides being overly broad, unduly vague and overly burdensome, the interrogatory exceeds the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1), i.e., discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  (Emphasis supplied.)  Plaintiff makes no claim against Defendant except for the damages caused by Defendant's negligence in regard to Plaintiff's breach of fiduciary duty claims that were prosecuted in the Underlying Action.**

7.      State the date on which you contend that the statute of limitations expired on your breach of fiduciary duty claims asserted against NextCare in the Underlying Litigation, describe in detail the basis for your contention, and identify all documents relating to or

supporting your contention and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:** **Objection.** **This interrogatory is overly broad, unduly vague and overly burdensome.** **It seeks disclosure of privileged matter and materials subject to preceding confidentiality orders and agreements.** **It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case.** **Fed. R. Civ. P. 26(b)(1).** **Without waiving these objections, Plaintiff states that Mr. Hahn acknowledged in his memorandum to Dr. Shufeldt dated October 2, 2014, that Dr. Shufeldt's breach of fiduciary duty claims were subject to a three year statute of limitations such that Dr. Shufeldt's claims arising from the actions taken by NextCare in October, 2010 expired in October, 2013.** **The NextCare documents Dr. Shufeldt shared with Defendant and the communications exchanged between Dr. Shufeldt and his lawyers in February and March, 2013, demonstrate that Dr. Shufeldt was aware that he had potential claims against NextCare.** **Accordingly, any tolling arguments, such as those Mr. Hahn attempted to articulate a year after the claims were time-barred, would have been unavailing.**

8.      State the date on which you contend that the statutes of limitations expired on each of the claims identified in your response to Interrogatory No. 6 above, describe in detail the basis for your contention, and identify all documents relating to or supporting your contention and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE**:  Objection.  Besides being overly broad, unduly vague and overly burdensome, the interrogatory exceeds the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1), i.e., discovery is limited to "nonprivileged matter that is relevant to any party's <u>claim or defense</u> and proportional to the needs of the case."  (Emphasis supplied.)  Plaintiff makes no claim against Defendant except for the damages caused by Defendant's negligence in regard to Plaintiff's breach of fiduciary duty claims that were prosecuted in the Underlying Action.

9.    Describe in detail how and when you "first learned that the statute of limitations may have run on certain claims," as alleged in paragraph 6 on page 4 of your complaint in this action, and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE**:  Objection.  This interrogatory seeks disclosure of privileged matter and materials, including protected attorney opinion work product.  It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Without waiving these objections, Plaintiff states that he became aware that the statute of limitations may have run on certain claims on or about September 17, 2014.  Plaintiff shared his concerns regarding potential statute of limitations problems with Mr. Winger and Mr. Hahn in an emails to those attorneys on September 17, 2014 and in an email sent to Mr. Hahn on September 23, 2014.

10. State the legal basis upon which you seek to recover your attorney's fees and expenses in this action.

**RESPONSE: Plaintiff seeks to recover his initial fees and expenses that were paid to Defendant or incurred during the course of that representation for negligently performed work. He seeks to recover his fees that were paid to Robbins Arroyo; Andrews & Springer, LLC; and Schneider, Wallace, Cottrell, Konecky, & Wotkyns, LLP, and the expenses that were incurred as a result of those representations, because such fees and expenses are recoverable as corrective fees necessary to mitigate the Plaintiff's damages resulting from the negligence of Baker Donelson. Plaintiff here also seeks to recover his litigation fees and expenses from Baker Donelson for breach of contract.**

**In addition to being negligent, Baker Donelson also failed to perform promised services in a timely manner. For example, Baker Donelson made a commitment to Plaintiff to send NextCare's attorney a reiterated demand letter for the pertinent company books and records, then held the letter for seven months before advising Plaintiff that the letter had never been sent. On February 11, 2013, the parties entered an agreement whereby Baker Donelson agreed to represent Plaintiff in his "potential claim against NextCare Holdings, Inc., a Delaware corporation," then allowed the statute of limitation to run on Plaintiff's breach of fiduciary duty claims against NextCare that arose from the 2010 Challenged Transaction.**

11.    With respect to the Shufeldt Employment Action, state the date it was filed, the

court in which it was filed, the docket number, the date it was resolved or concluded,

identify all parties thereto, and describe the manner and terms of its resolution or

conclusion.

**RESPONSE:  On September 18, 2012, Quantum Leasing, LLC, a company in which Plaintiff is/was a Member, and Plaintiff filed suit against NextCare in the Maricopa, Arizona, Superior Court, Docket No. CV2012-014120.  The claims of Quantum against NextCare, which involved claims against NextCare for failing to reimburse Quantum for jet fuel expenses and other costs related to NextCare's use of Quantum's plane, were resolved pursuant to a confidential settlement agreement between those parties executed on February 4, 2015.  Dr. Shufeldt's claims against NextCare in the Employment Action were resolved as a part of the confidential settlement of the Underlying Action on May 8, 2017, and subsequently were dismissed.**

12.    With respect to the Shufeldt Records Action, state the date it was filed, the court

in which it was filed, the docket number, the date it was resolved or concluded, identify

all parties thereto, and describe the manner and terms of its resolution or conclusion.

**RESPONSE:  The Records Action was filed on March 19, 2015 in the Court of Chancery Court for the State of Delaware, Case No. 10815, the parties entered a joint stipulation of dismissal on July 8, 2015, following the production of requested books and records subject to a confidentiality agreement.**

13.     With respect to the Qui Tam Action, describe the nature of the claims made

against you, state the date that each such claim was resolved or concluded, and describe

the manner and terms of the resolution or conclusion of each such claim.

**RESPONSE:  The claims made against Dr. Shufeldt in the Qui Tam Action are set**

**forth in the Complaint filed in *The United States of America, ex rel. Antonio Saidiani*, (W.D.**

**N.C. 2011, No. 3:11CV141, Doc. 1).  The claims against Dr. Shufeldt were dismissed on**

**September 18, 2014, with the case being held open for 60 days to give the United States an**

**opportunity to determine what steps, if any, it would take with respect to the litigation.  On**

**October 16, 2014, the government indicated that it did not intend to take any action in the**

**case.  Accordingly, the case against Dr. Shufeldt was dismissed with prejudice on**

**December 16, 2014.  (Doc. 91).  There was never a finding that Dr. Shufeldt had violated the**

**False Claims Act, and Dr. Shufeldt never paid a penny to settle any such claim made**

**against him.**


14.     State in detail the basis for the allegation in paragraph 45 of the complaint in the

Underlying Action that "Plaintiff did not have the resources to adequately defend himself

in [the Qui Tam Action] without NextCare's contractually required advancement," and

identify all documents relating to or supporting your response to this interrogatory and all

witnesses with knowledge of the facts set forth in your response.

**RESPONSE:  Objection.  This interrogatory is overly broad, unduly vague and**

**overly burdensome.  It seeks disclosure of privileged matter and materials subject to**

**preceding confidentiality orders and agreements.  It also seeks discovery of matters that are**

not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Without waiving these objections, Plaintiff states that he brought suit against NextCare for, inter alia, breaching its contractual duty to provide indemnification of such fees. Moreover, at the time in question, Plaintiff had committed most of his funds to another start-up company, MeMD, and, as evidenced by the financial records, including tax returns, that the Plaintiff is providing with his responses to Defendant's discovery requests, Plaintiff had limited or negative income during the period in question. Plaintiff at the time also was involved in another startup called UCIN. Mr. Winger was familiar with the company and knew it needed funding. Mr. Winger and Mr. Hahn were generally aware of Plaintiff's financial condition.

15. State in detail the basis for the allegation in paragraph 27 of the complaint in the Underlying Action that plaintiff "was not financially in a position to challenge the valuations," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:** **Objection. This interrogatory is overly broad, unduly vague and overly burdensome. It seeks disclosure of privileged matter and materials subject to preceding confidentiality orders and agreements. It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Without waiving these objections, Plaintiff states that at the time in question, Plaintiff had committed most of his funds to another startup company, MeMD, and, as evidenced by the financial records, including tax returns,**

that the Plaintiff is providing with his responses to Defendant's discovery requests, Plaintiff had limited or negative income during the period in question. Plaintiff at the time also was involved in another startup called UCIN. Mr. Winger was familiar with the company and knew it needed funding. Mr. Winger and Mr. Hahn were generally aware of Plaintiff's financial condition.

16.     State in detail the basis for the allegation in paragraph 4 of the complaint in the Underlying Action that plaintiff "did not have the means to invest additional funds into the Company to prevent the further dilution of his ownership . . . .," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:  Objection.  This interrogatory is overly broad, unduly vague and overly burdensome.  It seeks disclosure of privileged matter and materials subject to preceding confidentiality orders and agreements.  It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Without waiving these objections, Plaintiff states that at the time in question, Plaintiff had committed most of his funds to another start-up company, MeMD, and, as evidenced by the financial records, including tax returns, that the Plaintiff is providing with his responses to Defendant's discovery requests, Plaintiff had limited or negative income during the period in question.  Plaintiff at the time also was involved in another startup called UCIN.  Mr. Winger was familiar with the**

company and knew it needed funding.  Mr. Winger and Mr. Hahn were generally aware of Plaintiff's financial condition.

17.      State in detail the basis for the allegation in paragraph 3 of the complaint in the Underlying Action that "EEF used its control of the Board to take advantage of Plaintiff's departure and seize complete control of the Company.  EEF accomplished this task by manipulating the Company's valuation, thus causing the stock held by Plaintiff to appear worthless," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE**:  **Objection.  This interrogatory is overly broad, unduly vague and overly burdensome.  It seeks disclosure of privileged matter and materials subject to preceding confidentiality orders and agreements.  It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Without waiving these objections, Plaintiff states that the 2010 Challenged Transactions took place almost immediately after the Plaintiff executed a Separation Agreement with NextCare and resigned his positions.  With respect to EEF's manipulation of Next Care's valuation, Plaintiff refers Defendant to the valuation reports and the Brustkern deposition that are being produced with the responses to Defendant's discovery requests.  Plaintiff's attorneys at Baker Donelson were well aware that the Challenged Transactions made Plaintiff's NextCare Holdings' stock appear worthless, as evidenced by the documents Plaintiff shared with these lawyers and Mr.**

Hahn's discussion of these documents in his Memorandum to the Plaintiff dated October 2, 2014.

18.     State in detail the basis for the allegation in paragraph 3 of the complaint in the Underlying Action that "Among other things, management, under the control of EEF, provided the Company's financial advisor with substantially depressed financial projections, which in turn, decreased NextCare's valuation," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:  Objection.  This interrogatory is overly broad, unduly vague and overly burdensome.  It seeks disclosure of privileged matter and materials subject to preceding confidentiality orders and agreements.  It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Without waiving these objection, Plaintiff refers Defendant to the valuation reports and the Brustkern deposition that are being produced with the responses to Defendant's discovery requests.  In addition, the documents and information Plaintiff provided to his attorneys at Baker Donelson, particularly including Plaintiff's email communications with his lawyers in February and March, 2013, put them on notice that EEF had understated the value of NextCare.**

19.     State in detail the basis for the allegation in paragraph 3 of the complaint in the Underlying Action that "Over the next year, EEF, and individuals associated with EEF,

used the manipulated valuation of the Company to continue to buy preferential stock at a deep discount, which in turn caused the near total dilution of Plaintiff's holdings," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE: Objection. This interrogatory is overly broad, unduly vague and overly burdensome. It seeks disclosure of privileged matter and materials subject to preceding confidentiality orders and agreements. It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Without waiving these objections, Plaintiff states that the NextCare materials he provided to his attorneys at Baker Donelson document the preferential stock purchases made by EEF and the individuals associated with EEF, which in turned caused the dilution of Plaintiff's holdings.**

20.    State in detail the basis for your allegation in paragraph 33 of the complaint in the Underlying Action that "[t]he 2010 Challenged Transaction occurred at an unfair price and as the result of an unfair process," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE: Objection. This interrogatory is overly broad, unduly vague and overly burdensome. It seeks disclosure of privileged matter and materials subject to preceding confidentiality orders and agreements. It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the**

needs of the case. Fed. R. Civ. P. 26(b)(1).  Without waiving these objections, Plaintiff

refers Defendant to the valuation reports and the Brustkern deposition that are being

produced with the responses to Defendant's discovery requests.  Further, as stated, Plaintiff

was not in a financial condition to protect his ownership interest in NextCare from being

diluted by EEF and its members.  These facts were known to the defendants in the

Underlying Action and Plaintiff shared the pertinent documents and information in his

possession with his attorneys at Baker Donelson.


21.     State in detail the basis for your allegation in paragraph 40 of the complaint in the

Underlying Action that "[t]he 2012 Challenged Transaction was also the result of an

unfair process and unfair price," and identify all documents relating to or supporting your

response to this interrogatory and all witnesses with knowledge of the facts set forth in

your response.

**RESPONSE:  Objection.  This interrogatory is overly broad, unduly vague and**

overly burdensome.  It seeks disclosure of privileged matter and materials subject to

preceding confidentiality orders and agreements.  It also seeks discovery of matters that are

not relevant to the claims and defenses of the case and beyond what is proportional to the

needs of the case.  Fed. R. Civ. P. 26(b)(1).  Without waiving these objections, Plaintiff

states that the 2012 Challenged Transaction was consummated without any valuation

information provided to the shareholders and without any valuation study being

performed.  Plaintiff also refers Defendant to the valuation reports and the Brustkern

deposition that are being produced with the responses to Defendant's discovery requests.

Further, as stated, Plaintiff was not in a financial condition to protect his ownership interest in NextCare from being diluted by EEF and its members. These facts were known to the defendants in the Underlying Action and Plaintiff shared the pertinent documents and information in his possession with his attorneys at Baker Donelson.

22.     State in detail the basis for your allegation in paragraph 30 of the complaint in the Underlying Action that "[t]he valuation of the Company was further manipulated, allowing EEF to cement its control over the Company," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE: Objection. This interrogatory is overly broad, unduly vague and overly burdensome. It seeks disclosure of privileged matter and materials subject to preceding confidentiality orders and agreements. It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Without waiving these objections, Plaintiff states that the materials he provided to his attorneys at Baker Donelson document the impact that the referenced 2012 Challenged Transaction had upon Plaintiff's ownership interest in NextCare.**

23.     State in detail the basis for your allegation in paragraph 41 of the complaint in the Underlying Action that "[i]f the Challenged Transactions were done correctly and in good

faith, Plaintiff and the other founders of the Company would continue to own in excess of 25% of NextCare's stock, as opposed to the 1.3% claimed," and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE: Objection. This interrogatory is overly broad, unduly vague and overly burdensome. It seeks disclosure of privileged matter and materials subject to preceding confidentiality orders and agreements. It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Without waiving these objections, Plaintiff states that the referenced statement from the complaint in the Underlying Action is based upon information provided by Matthew Morris, Plaintiff's forensic expert in the Underlying Action. Mr. Morris's report and the financial data he considered in reaching his opinions are being included with the responses to Defendant's discovery requests.**

24. Identify all of the "founders of the Company" referenced in paragraph 41 of the complaint in the Underlying Action.

**RESPONSE: In addition to the Plaintiff, Plaintiff believes that the founders referenced in paragraph 41 of the complaint in the Underlying Action were Jim McEown, Donita Beckham as representative of the Beckham Trust, Jennifer Robb, William Drury, James Weaver, Ensemble Fund B, Scott Elston, Laurel Stoimenoff; Tracy Patterson and Rob Olivari.**

25.     Identify every attorney with whom you communicated prior to October 7, 2015 concerning your claims or potential claims against NextCare, or any other person or entity, arising out of the facts set forth the complaint in the Underlying Action or any statute of limitations issue regarding such claims or potential claims, and, for each such communication, state the date that it occurred, whether the communication was oral or in writing, and the substance of the communication, and identify all documents relating to or supporting your response to this interrogatory and all witnesses with knowledge of the facts set forth in your response.

**RESPONSE:  Objection.  This interrogatory is overly broad, unduly vague and overly burdensome.  It seeks disclosure of privileged matter and materials subject to preceding confidentiality orders and agreements.  It also seeks discovery of matters that are not relevant to the claims and defenses of the case and beyond what is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Without waiving these objections, Plaintiff states that he communicated with:**

**Mark Barker of Jennings, Haug, & Cunningham, 2800 North Central Avenue, Suite 1800, Phoenix, AZ 85004, in August, 2010, in regard to his claims against NextCare that resulted in the Employment Action that was prosecuted by Mr. Barker and his firm;**

**Adam Winger, Baker Donelson, around December, 2012, and, subsequently, Patton Hahn at Baker Donelson, in regard to his breach of fiduciary duty claims against NextCare;**

**Victoria Ames, Artemis Law Firm, PLLC, 6424 East Greenway Parkway, Suite 833, Scottsdale, AZ 85254, in September, 2014, in regard to his breach of fiduciary duty claims;**

Scot L. Claus and David I. Thompson, Dickinson Wright, 1850 N. Central Avenue, Suite 1400, Phoenix, AZ 85004, in October, 2014, in regard to his breach of fiduciary duty claims;

Nicole Goodwin and Jeff Walsh, GreenbergTraurig, 2375 East Camelback Road, Suite 700, Phoenix, AZ 85016, in October, 2014, in regard to his breach of fiduciary duty claims;

Gregory Del Gaizo, Robbins Arroyo, 600 B Street, Suite 1900, San Diego, CA 92101, in December, 2014, whose firm subsequently represented me in both the Records Action, with Peter Andrews of Andrews & Springer, LLC, 3801 Kennett Pike, Building C, Suite 305, Wilmington, DL 19807, serving as local counsel, and in the Underlying Action, with Michael McKay, Schneider, Wallace, Cottrell, Konecky & Watkings, LLP, 8501 N. Scottsdale Road, Suite 270, Scottsdale, AZ 85253 serving as local counsel.

## VERIFICATION

COUNTY OF _Maricopa_ )

STATE OF ARIZONA )


     I, John J. Shufeldt, M.D., after being first duly sworn, make oath that I have read the foregoing interrogatories and the responses thereto, and I swear and affirm that the responses are true and correct to the best of my knowledge, information and belief.


Dr. John J. Shufeldt

Sworn to and subscribed before me on this the _16_ day of April, 2018.

SANDRA FAJARDO
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
February 20, 2021

Notary Public


My Commission Expires: _2-20-2021_

# REQUESTS FOR PRODUCTION OF DOCUMENTS

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND INSTRUCTIONS

1. Plaintiff objects to Defendant's document requests, because they seek disclosure of privileged attorney-communications and protected work product materials.

2. Plaintiff objects to Defendant's document requests, because they seek production of documents that are not relevant to the claims or defenses of the parties and are not proportional to the needs of the case in violation of Fed. R. Civ. P. 26(b)(1).

3. Plaintiff objects to Defendant's document requests, because they fail to describe the documents requested with reasonable particularity in violation of Fed. R. Civ. P. 34(b)(1)(A).

4. Plaintiff objects to Defendant's definition of "document," as it appears on page two of its discovery requests, as such "definition" contradicts both Fed. R. Civ. P. 34(b)(1)(A) and Fed. R. Civ. P. 26(b)(1).

5. Plaintiff objects to Defendant's document requests, because they seek disclosure of materials protected by confidentiality orders entered in both state and federal courts.

6. Plaintiff objects to Defendant's discovery requests, because they seek disclosure of documents protected by mediation agreements.

7. Plaintiff objects to Defendant's discovery requests, because they are overly broad unduly vague and overly burdensome.

**8. Plaintiff objects on grounds of undue burden to Defendant's discovery requests to the extent that they purport to require Plaintiff to provide date, time and subject descriptions of literally thousands of privileged attorney-client communications.**

1.     All documents identified in your responses to the foregoing interrogatories.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.   The otherwise discoverable documents are being produced.**

2.     All communications and other documents related to or referencing your representation by Baker Donelson.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.   Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.   The documents exchanged between the Plaintiff and the Defendant are being produced.**

3.     All documents relating to, referencing, or supporting any of your claims of negligence against Baker Donelson in this action.

**RESPONSE**:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  The discoverable documents which support Plaintiff's claims of negligence against Baker Donelson are being produced.

4.   All documents relating to or referencing the Qui Tam Action or Antonio Saidiani.

**RESPONSE**:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff is producing documents which establish that the qui tam action brought against Plaintiff by the relator Antonio Saidiani were dismissed with prejudice and that the United States declined an opportunity to prosecute the case against Dr. Shufeldt.

5.   All documents relating to or referencing the United States Department of Justice's investigation of NextCare.

**RESPONSE**:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the

claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff is producing the documents which establish that the qui tam action brought against Plaintiff by the relator Antonio Saidiani were dismissed with prejudice and that the United States declined an opportunity to prosecute the case against Dr. Shufeldt.

6. All documents relating to or referencing the United States Department of Justice's investigation of you.

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff is producing the discoverable documents which establish that the qui tam action brought against Plaintiff by the relator Antonio Saidiani were dismissed with prejudice and that the United States declined an opportunity to prosecute the case against Dr. Shufeldt.

7. All documents relating to or referencing the Shufeldt Employment Action.

**RESPONSE**:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case.

8.      All documents relating to or referencing the Shufeldt Records Action, including but not limited to all documents obtained by you in that action.

**RESPONSE**:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case.

9.    All documents relating to, referencing, sent to or received from NextCare after January 1, 2008.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case.**

10.    All documents relating to or referencing NextCare's Series A Preferred Stock.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case.**

11.     All documents relating to or referencing NextCare's Series A-1 Preferred Stock.

**RESPONSE**:  **Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case.**

12.     All documents relating to or referencing NextCare's Series B Preferred Stock.

**RESPONSE**:  **Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case.**

13. All documents relating to or referencing NextCare's Series C Preferred Stock.

**RESPONSE**: **Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case.**

14. All documents relating to or referencing NextCare's Series AA Preferred Stock.

**RESPONSE**: **Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case.**

15.	All documents relating to, referencing, sent to or received from the persons identified as "founders of the Company" in your response to Interrogatory No. 24 above after January 1, 2008.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case.**

16.	All documents relating to, referencing, sent to or received from John Julian.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without**

waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case.

17.    All documents relating to, referencing, sent to or received from Malcolm Kostuchenko.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case.**

18.    All documents relating to, referencing, sent to or received from Andrew Paul.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the**

request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

19. All documents relating to, referencing, sent to or received from Fred Brown.

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

20. All documents relating to, referencing, sent to or received from Breaux Castleman.

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the

claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

21. All documents relating to, referencing, sent to or received from Larry Wolk.

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

22. All documents relating to, referencing, sent to or received from EEF.

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

23.     All documents relating to, referencing, sent to or received from any of the attorneys referenced in your response to Interrogatory No. 25 above.

**RESPONSE:** Plaintiff objects to this request to the extent because it overtly seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the documents exchanged between the parties and proportional to the needs of the case.

24.     All documents relating to or referencing the statute of limitations period applicable to the claims asserted against NextCare in the Underlying Action.

**RESPONSE:** **Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.**

25.     All documents relating to or referencing the statute of limitations period applicable to any of the claims identified in your response to Interrogatory No. 6 above.

**RESPONSE:** **Plaintiff objects to this request, because its seeks discovery of materials that are not relevant to the claims or defenses presented in this case.**

26.     All documents relating to or referencing your resignation as an officer or director of NextCare.

**RESPONSE:** **Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the**

claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the Plaintiff's Separation Agreement and the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

27.     All documents relating to or referencing NextCare's threat to stop paying, or refusal to pay, your legal fees incurred in connection with the Qui Tam Action or the United States Department of Justice's investigation of you or NextCare.

**RESPONSE**: Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

28.    All documents relating to or supporting your response to Interrogatory No. 10 above concerning recovery of attorney's fees and expenses in this action.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.**

29.    All documents relating to, referencing or obtained during the course of the Underlying Action, including but not limited to pleadings, orders, correspondence, discovery, documents obtained from parties or third parties in discovery, documents obtained informally, *etc.*

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the Plaintiff's Separation Agreement and the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.**

30.	All documents relating to, referencing or evidencing the settlement of the Underlying Action or the negotiations leading to the settlement.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the settlement agreement in the Underlying Action.**

31.	All documents sent to or received from the mediator in the Underlying Action.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.**

32.	All documents relating to, referencing, analyzing or evaluating NextCare's statute of limitations defense in the Underlying Action.

00023853 2

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

33.     All documents relating to, referencing or supporting your breach of fiduciary duty claims in the Underlying Action.

**RESPONSE:** Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

34.    All documents relating to, referencing or evidencing any of the valuations referenced in the complaint in the Underlying Action or any manipulation of those valuations.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.**

35.    All documents relating to, referencing, sent to, or received from Arcstone Partners.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without**

waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

36.    All documents relating to, referencing, sent to, or received from Ceteris US LLC.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.**

37.    All documents relating to, referencing, sent to, or received from Cogent Valuation.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is**

overly broad, unduly vague and overly burdensome. **Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.**

38. All documents relating to, referencing or evidencing the financial projections referenced in paragraph 3 of the complaint in the Underlying Action or any manipulation or depression of those projections.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case. Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome. Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements. Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.**

39.     All documents relating to, referencing or evidencing the "2010 Challenged Transaction," as that term is defined in the complaint in the Underlying Action.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.**

40.     All documents relating to, referencing or evidencing the "2012 Challenged Transaction," as that term is defined in the complaint in the Underlying Action.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the**

parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

41.     All documents relating to, referencing or evidencing the purchase or conversion of stock in NextCare by EEF or any individual or entity associated with EEF.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.**

42.     All documents sent to or received from any officer, director, shareholder, employee, agent, or representative of NextCare after January 1, 2008, concerning any of the events referenced in the complaint in the Underlying Action.

**RESPONSE:  Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the**

claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.

43.     All documents relating to or supporting your response to Interrogatory No. 4 above concerning your alleged damages.

**RESPONSE**:  **Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Without waiving these objections, Plaintiff will produce the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.**

44.     All documents sent to, received from or created by any expert identified in your response to Interrogatory 3 above.

**RESPONSE**:  **Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not discoverable or relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the request is overly broad and unduly burdensome.  Without waiving these objections, Plaintiff has produced Mr. Hackett's Preliminary Expert Opinion Affidavit.**

45.    All documents sent to or received from the "financial expert" referenced in paragraph 43 of the complaint in the Underlying Action.

**RESPONSE**:  **Plaintiff objects to this request to the extent that it seeks disclosure of privileged materials, confidential materials, and documents that are not relevant to the claims or defenses or proportional to the needs of the case.  Plaintiff also objects as the Defendant fails to describe the requested documents with reasonable particularity and is overly broad, unduly vague and overly burdensome.  Plaintiff further objects because the request seeks production of documents protected by confidentiality agreements.  Without waiving these objections, Plaintiff is producing the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request.**

46.    Complete copies of your state and federal tax returns and all schedules thereto for the years 2010 through 2015.

**RESPONSE**:  **These documents will be provided.**

47.    All documents evidencing the fee arrangement between you and any attorney or law firm representing you in the Underlying Action.

**RESPONSE:    The attorney-client fee agreements between Plaintiff and the attorneys who represented him in the Underlying Action are confidential.   Plaintiff will provide statements of the amounts paid to said attorneys.**

Respectfully submitted,

August C. Winter, Esq.
Attorney for Plaintiff
Two Brentwood Commons, Suite150
750 Old Hickory Boulevard
Brentwood, TN 37207

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served on the following individual via e-mail and U.S. Mail on April ___16___, 2018:

W. Scott Sims
SIMS|FUNK, PLC
3322 West End Avenue, Suite #200
Nashville, TN 37203
sims@simsfunk.com

August C. Winter