JOHN J. SHUFELDT, M.D.,

     Plaintiff,

v.

BAKER, DONELSON, BEARMAN,
CALDWELL AND BERKOWITZ, P.C.,

    Defendant.

Case No. 3:17-cv-01078

Judge Eli J. Richardson
Magistrate Judge Alistair E. Newbern

## **MEMORANDUM ORDER**

Plaintiff Dr. John J. Shufeldt is the founder of NextCare, Inc., and the former CEO of NextCare Holdings, Inc. (collectively, NextCare). (Doc. No. 72.) In February 2013, Shufeldt retained Defendant Baker, Donelson, Bearman, Caldwell and Berkowitz, P.C., (Baker Donelson) to investigate whether NextCare had unlawfully diluted and devalued Shufeldt's shares in the companies and thereby breached their fiduciary duty to him. (*Id.*) Shufeldt sued NextCare in Arizona state court in October 2015 and ultimately settled his claims. (*Id.*) In this action, Shufeldt alleges that Baker Donelson committed legal malpractice by allowing Shufeldt's claims against NextCare to become time-barred during the course of its representation, resulting in Shufeldt being forced to accept a significantly devalued settlement of the Arizona action. (*Id.*)

Now before the Court are four motions to compel discovery, two filed by Shufeldt (Doc. Nos. 78, 99) and two filed by Baker Donelson (Doc. Nos. 77, 98). For the reasons offered below, Baker Donelson's first motion to compel (Doc. No. 77) will be found moot; Shufeldt's first motion to compel (Doc. No. 78) will be granted in part and found moot in part; Baker Donelson's second

motion to compel (Doc. No. 98) will be granted in part and denied in part; and Shufeldt's second motion to compel (Doc. No. 99) will be granted in part and denied in part.

## I.  Background

### A.  Factual History[1]

On February 11, 2013, Shufeldt retained Baker Donelson to obtain corporate documents from NextCare and investigate potential breach-of-fiduciary-duty claims against it. (Doc. No. 72.) Through Baker Donelson, Shufeldt sent a demand letter to NextCare requesting production of corporate records under applicable Delaware law. (*Id.*) After NextCare refused, Baker Donelson prepared a second demand letter. (*Id.*) Seven months later, on October 18, 2013, Baker Donelson informed Shufeldt that it had not sent the second demand letter. (*Id.*) Baker Donelson did not begin to research the statute of limitations applicable to Shufeldt's claims until September 26, 2014, when Shufeldt explicitly asked the lawyers to do so. (*Id.*) Shufeldt alleges that his claims against NextCare expired during the course of Baker Donelson's representation due to Baker Donelson's negligence. (*Id.*)

Shufeldt filed suit against NextCare in Arizona state court on October 7, 2015. (Doc. Nos. 77, 80.) As expected, NextCare argued that Shufeldt's claims were time-barred. (Doc. No. 72.) Shufeldt settled his claims with NextCare before the Arizona court resolved the question of whether his claims were timely. (*Id.*) In this action, Shufeldt seeks compensatory damages from Baker Donelson, including what he paid for work negligently performed and the reasonable attorney's fees he incurred in this action and the Arizona action. (*Id.*)

---

[1]  These facts are drawn primarily from Shufeldt's amended complaint. (Doc. No. 72.)

## B.     Procedural History

There are two sets of cross-motions to compel before the Court. The Magistrate Judge authorized the filing of these motions after holding telephone conferences with counsel for the parties. The motions to compel are summarized below.[2]

### 1.     Baker Donelson's First Motion to Compel

Baker Donelson's first motion to compel addresses Shufeldt's alleged failure to adequately invoke attorney-client and settlement privileges in objecting to Baker Donelson's discovery requests. (Doc. No. 77.) Shufeldt agreed to supplement his discovery responses and provide a log of any documents withheld because of an asserted privilege after a telephone conference with the Magistrate Judge. (*Id.*) Baker Donelson argues that the one-page privilege log that Shufeldt provided is inadequate and that Shufeldt has therefore waived any privileges he could assert. (*Id.*) Shufeldt responds that he had unsuccessfully attempted to confer with Baker Donelson regarding the form of the privilege log, which, Shufeldt insists, is adequate. (Doc. No. 80.) Further, Shufeldt states that he is continuing to collect responsive documents and has no objection to an order requiring the parties to supplement their discovery responses. (*Id.*) In an updated response, Shufeldt states that he is willing to provide an item-by-item privilege log of all materials predating the filing of the Arizona action he claims are privileged. (Doc. No. 99.)

---

[2]     Issues not discussed herein are moot. The parties agree that any issues associated with Baker Donelson's Interrogatories 5, 9, and 14–16 have been resolved. (Doc. Nos. 99, 103.) Shufeldt states that Baker Donelson's concerns regarding its Interrogatory 19 have also been resolved (Doc. No. 99), which the Court assumes to be true in the absence of any contradictory assertion from Baker Donelson (Doc. No. 103). The same holds true for Baker Donelson's unrebutted claim that any issues with its response to Shufeldt's Interrogatory 5 are now moot. (Doc. Nos. 98, 102.) Finally, it is not clear whether Shufeldt has formalized responses to Baker Donelson's Interrogatories 17, 18, and 20 by providing relevant Bates numbers; if he has not, he shall do so when supplementing his other discovery responses consistent with this Order.

Baker Donelson also seeks an order compelling Shufeldt to adequately respond to several interrogatories and requests for production of documents (RFPs). (Doc. No. 77.) Interrogatories 21 through 23 concern the NextCare transactions that were the foundation of Shufeldt's breach-of-fiduciary-duty claims in the Arizona action. (*Id.*) Interrogatory 25 requests information about Shufeldt's communications with other attorneys prior to filing the Arizona action. (*Id.*) RFP 23 addresses Shufeldt's communications with non-Baker Donelson attorneys regarding the statute of limitations applicable to his claims against NextCare. (*Id.*) RFPs 24 and 32 seek other documents referencing that statute of limitations and RFP 30 concerns Shufeldt's settlement of his claims. (*Id.*)

### 2. Shufeldt's First Motion to Compel

Shufeldt's first motion to compel concerns a memorandum that Baker Donelson attorney Patton Hahn prepared regarding the statute of limitations applicable to Shufeldt's claims against NextCare. (Doc. Nos. 78, 79.) According to Shufeldt, he received two versions of this memo in 2014. (Doc. No. 79.) Hahn first emailed the memo to Shufeldt on the evening of October 1, 2014, in a searchable Microsoft Word format. (*Id.*) The footer of the memorandum showed a date of May 7, 2014, and the document's metadata shows that it was last printed on that date. (*Id.*)

Hahn emailed Shufeldt a revised version of the memo on October 2, 2014, in a different format that was not searchable. (*Id.*) The date shown in the footer of the second version of the memo is October 2, 2014. (*Id.*) Shufeldt claims that Hahn inadvertently left the May 7, 2014 date in the footer of the first memo he sent to Shufeldt and changed the date to October 2, 2014, in the second version to hide that he had delayed completing the memo for almost five months. (*Id.* at PageID# 858.)

Shufeldt asserts that Baker Donelson's alteration of the memorandum continued during discovery in this action. (Doc. No. 79.) Shufeldt alleges that one version of the memo produced in discovery contained no footer; the footer of the second document showed a date of October 2, 2014. (*Id.*) Accordingly, Shufeldt seeks an order requiring Baker Donelson to produce all of its documents in native format so that he can "determine the extent of [Baker Donelson's] alterations and spoliation . . . ." (*Id.* at PageID# 859.)

In response, Baker Donelson offered to investigate the alleged alteration of the memo. (Doc. No. 81.) Baker Donelson then filed a supplemental opposition to Shufeldt's first motion to compel, stating that it had investigated the issue and Shufeldt's allegation of spoliation was without merit. (Doc. No. 86.) Baker Donelson attached the affidavit of its counsel explaining that the inconsistencies among versions of the memorandum are attributable to errors that occurred during document production and printing. (Doc. No. 86-1.) Baker Donelson further states that it has reproduced its original document production to provide all documents in native format with accompanying metadata. (Doc. No. 98.) Shufeldt responds that he has not received the versions of the memo in question in native format and cannot extract the relevant metadata and again asks for production of the memos in their native Word format. (Doc. Nos. 99, 102, 104.)

### 3.      Baker Donelson's Second Motion to Compel

In its second motion to compel, Baker Donelson alleges that Shufeldt's production in response to its RFP 29, which asks for all documents related to the Arizona action, is incomplete. (Doc. No. 98.) Baker Donelson reaches this conclusion because NextCare produced significantly more documents in response to the same inquiry made by subpoena. (*Id.*) Baker Donelson further states that Shufeldt has admitted his counsel in the Arizona action destroyed certain documents under the terms of a protective order issued in that action. (*Id.*) Baker Donelson seeks an order

requiring Shufeldt to produce or confirm that he has produced all documents responsive to RFP 29 and to provide an affidavit stating the steps that he has taken to preserve documents relevant to this case. (*Id.*)

In responding in opposition to Baker Donelson's second motion, Shufeldt argues that his production concerning the Arizona action has already been voluminous and that he has withheld some responsive documents on the grounds of privilege. (Doc. No. 102.) Shufeldt also argues that Baker Donelson has failed to make a preliminary showing that he destroyed or failed to preserve relevant evidence and has waived its objection to his production. (*Id.*) Baker Donelson filed a reply, arguing that it did not waive its objection to Shufeldt's response to RFP 29 and that Shufeldt breached his duty to preserve relevant evidence, even if it was his attorney who destroyed the documents. (Doc. No. 103.)

### 4.      Shufeldt's Second Motion to Compel

Shufeldt's second motion to compel primarily concerns Baker Donelson's failure to appear for a Rule 30(b)(6) deposition and related refusal to produce certain documents on that date in response to Shufeldt's RFP 1. (Doc. Nos. 99, 100.) Shufeldt seeks an order requiring a Baker Donelson representative to appear for a Rule 30(b)(6) deposition and testify about the timekeeping, billing, and record-retention policies and procedures that were in place during Baker Donelson's representation. (Doc. No. 100.) Shufeldt also asks that Baker Donelson be ordered to respond to RFP 1 by producing the record-retention policies that govern timekeeping and billing. (*Id.*) Shufeldt argues that Baker Donelson's failure to comply with its own procedures while representing him would be relevant to determining whether it committed malpractice and could necessitate further discovery into potential spoliation. (*Id.*) Shufeldt's motion also requests that Baker Donelson be ordered to produce documents responsive to Shufeldt's RFPs 8 and 9, which

seek discovery identifying who produced the copies of the October 1 and October 2, 2014 memoranda. (*Id.*) Baker Donelson responds that all of Shufeldt's requested discovery relates only to spoliation and, because he has not shown a prima facie case of spoliation, is not warranted. (Doc. No. 101.) Shufeldt replies that the discovery is relevant to spoliation and to the merits of the case. (Doc. No. 104.)

## II.      Legal Standard

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401). A motion to compel discovery may be filed in a number of circumstances, including when a party fails to "answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). "[A]n evasive or incomplete disclosure, answer, or response" is considered a "failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

## III.     Analysis

For the reasons below, Baker Donelson's first motion to compel (Doc. No. 77) will be found moot; Shufeldt's first motion to compel (Doc. No. 78) will be granted in part and found moot in part; Baker Donelson's second motion to compel (Doc. No. 98) will be granted in part and

denied in part; and Shufeldt's second motion to compel (Doc. No. 99) will be granted in part and denied in part.

### A. Baker Donelson's First Motion to Compel

Shufeldt maintains that the one-page privilege log he has provided to Baker Donelson is sufficient, but, in recent filings, he has agreed to revise the log with additional detail and to supplement his discovery responses. The Court finds that Shufeldt must provide a more detailed privilege log and that Shufeldt did not, despite Baker Donelson's contrary argument, waive any relevant privilege by failing to provide such a log in the first instance.

### 1. Shufeldt's Privilege Log and Related Discovery Responses

After a discovery conference with the Magistrate Judge regarding documents Shufeldt withheld in his original production, Shufeldt produced a one-page privilege log, the scope of which is limited "to documents generated prior to the filing date of the [Arizona action]." (Doc. No. 77-4, PageID# 830.) The log lists categories of withheld documents subject to the attorney-client privilege, including "written communications with the attorneys who represented him in the [Arizona action], the Employment Action, the Qui Tam Action and in regard to the Department of Justice's investigation of NextCare and Shufeldt."[3] (*Id.* at PageID# 831.) Shufeldt concedes that he waived the attorney-client privilege with respect to the meetings he had with attorneys from the Artemis Law Firm, Dickinson Wright, and Greenberg Traurig in October 2014. (Doc. No. 77-4.)

---

[3] According to Baker Donelson's revised first set of interrogatories, the Employment Action "refers to the litigation that [Shufeldt] filed against NextCare . . . that is referenced in paragraph 45 of [his] complaint in the [Arizona action,]" (Doc. No. 70-4, PageID# 546), and the Qui Tam Action "refers to the litigation filed by Antonio Saidiana in the United States District Court for the Western District of North Carolina, No. 3:11-cv-0141[,]" (*id.* at PageID# 547). Baker Donelson alleges that the Department of Justice investigated "whether NextCare had engaged in fraudulent billing under Shufeldt's direction and leadership" and that the investigation ultimately resulted in a settlement. (Doc. No. 98, PageID# 1145.)

The privilege log states that Shufeldt does not believe that he had any other communications with his attorneys before October 7, 2015, regarding statute of limitations issues, but claims that, should any additional documents exist, they are subject to the attorney-client privilege. (*Id.*) The log also asserts that "[p]rivilege . . . is claimed for the work product materials generated by Shufeldt's attorneys." (*Id.* at PageID# 831.) Finally, the privilege log asserts that the documents exchanged by the parties in the course of settlement negotiations "are shielded from discovery pursuant to state and federal rules of evidence 408 and applicable state law regarding mediation materials." (*Id.*)

Baker Donelson finds the privilege log inadequate for several reasons. Baker Donelson argues that Shufeldt wrongly limited the scope of the privilege log to materials generated before the filing of the Arizona action. (Doc. No. 77.) Further, Baker Donelson argues that Shufeldt's categorical approach to the privilege log is too vague to enable Baker Donelson "to know what documents are being withheld on a claim of privilege or to challenge the assertion of privilege as to any of the documents being withheld. (*Id.* at PageID# 742.) Baker Donelson argues Shufeldt's failure to provide an adequate privilege log amounts to waiver of any relevant privilege. (Doc. No. 77.) Baker Donelson also argues that Shufeldt has waived any applicable privilege by putting the withheld documents at issue in this action. (*Id.*)

Shufeldt responds that the categorical approach is consistent with this Court's Administrative Order 174-1, which governs electronic discovery. However, Shufeldt also states that he "is prepared to supplement his privilege log by providing an item by item log of the

privileged materials that were generated prior to October 7, 2015, when the [Arizona action] was filed by counsel for Shufeldt . . . ."[4] (Doc. No. 100, PageID# 1224.)

A party who withholds otherwise discoverable materials as privileged bears the burden of establishing the applicability of the privilege. *See* Fed. R. Civ. P. 26(b)(5)(A); *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006); *Ross v. City of Memphis*, 423 F.3d 596, 606 (6th Cir. 2005). Typically, parties ensure compliance with Rule 26(b)(5)(A) through a document-by-document privilege log that states the "date and time of the document, the type of communication, the author, the addressee(s), identification of the recipients, the privilege asserted, and an explanation of the privilege claimed." *First Horizon Nat'l Corp. v. Houston Cas. Co.*, No. 2:15-CV-2235, 2016 WL 5867268, at *5 (W.D. Tenn. Oct. 5, 2016) (collecting cases). Where a document-by-document privilege log would be unduly burdensome, courts have permitted a categorical log. *See id.*; *see also* Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendment ("Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories."). Even where a categorical approach is used, however, the log must still provide the information needed to evaluate claims of privilege. *See S.E.C. v. Thrasher*, No. 92 CIV. 6987, 1996 WL 125661, at *2 (S.D.N.Y. Mar. 20, 1996) (explaining that a categorical log must include the relevant

---

[4]    Shufeldt also complains that, "while Baker Donelson has asserted attorney client and work product privileges, Baker Donelson has never produced a privilege log of any kind." (Doc. No. 102, PageID# 1250.) The Court finds that any dispute about the adequacy of Baker Donelson's privilege log has not been properly raised and is not relevant to resolution of Baker Donelson's first motion to compel. *See Alutiiq Int'l Sols., LLC v. Lyon*, No. 2:11-cv-01104, 2012 WL 4155081, at *2 (D. Nev. Sept. 19, 2012) (finding that it is generally "not a defense to a motion to compel discovery to argue that an opposing party has been equally (or more) non-compliant in its discovery obligations").

time period, the individuals involved, and representations that the elements of privilege or work product are satisfied).

This Court's Administrative Order 174-1, which governs discovery of electronically stored information, provides that, "[i]f a log is produced, the Court expects the parties to discuss foregoing using traditional document-by-document logs in favor of alternative logging methods, such as identifying information by category or including only information from particular metadata fields . . . ." M.D. Tenn. Admin. Order 174-1 (privilege). Ultimately, regardless of the form the log takes, the information submitted by the withholding party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

Shufeldt's one-page privilege log is inadequate. The log makes broad categorical claims of privilege as to almost all written communications with Shufeldt's attorneys in the Arizona action and as to unspecified "work product materials" and "mediation materials[.]" (Doc. No. 77-4, PageID# 831.) These claims of privilege are not specific enough to enable Baker Donelson or the Court to assess their merits. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). Further, as Baker Donelson points out, there is no apparent reason to limit the scope of the log to materials generated before the filing of the Arizona action. Materials produced during the pendency of that action that would shed light on the strength of the statute-of-limitations advice that Baker Donelson provided Shufeldt or the issue of damages are just as relevant to Shufeldt's claims in this action as similar materials produced before October 7, 2015.[5]

---

[5] Shufeldt implicitly concedes this point by including settlement materials in his privilege log, which could not have been generated prior to the filing of the Arizona action.

The question thus becomes whether Shufeldt may provide a revised privilege log, as he has agreed to do, or whether he should be deemed to have waived any relevant privileges, as Baker Donelson argues. "Waiver is an 'extreme sanction' typically 'reserved for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests.'" *Hobart Corp. v. Dayton Power & Light Co.*, No. 3:13-cv-115, 2017 WL 3668848, at *2 (S.D. Ohio Aug. 24, 2017) (quoting 6 James Wm. Moore, *Moore's Federal Practice* § 26.90[2] (3d ed.)); *see also* 8 Charles A. Wright et al., *Federal Practice and Procedure* § 2016.1 (3d ed. updated Aug. 2019) ("A key point here is that finding a waiver in such situations is a sanction, not an automatic consequence of every failure to comply with Rule 34(b)'s time limit for responding to a discovery request with sufficient detail."). Ultimately, "individual cases must . . . be assessed on their individual circumstances." 8 Charles A. Wright et al., *Federal Practice and Procedure* § 2016.1 (3d ed. updated Aug. 2019).

The circumstances here do not support finding waiver. Although Shufeldt delayed providing a privilege log for more than a year after invoking various privileges in his initial response to Baker Donelson's discovery requests, he did so based on a good-faith argument that he should not have to provide a privilege log until the Court ruled on his other objections to Baker Donelson's discovery requests. *See United States v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) (holding that trial courts should rule on objections to breadth of request at issue before deciding whether objecting party must provide a privilege log for documents covered by the request); *see also* 8 Charles A. Wright et al., *Federal Practice and Procedure* § 2016.1 (3d ed. updated Aug. 2019) (explaining that "courts may properly question whether failure to list materials [in a privilege log] is justified in good-faith reliance on other objections such as burden"). After the Magistrate Judge rejected that position during the discovery dispute conference, Shufeldt

provided a privilege log and attempted, unsuccessfully, to confer with Baker Donelson regarding the form that the log should take. (Doc. Nos. 80, 82.) Shufeldt's ongoing efforts to locate responsive documents in a case that has already entailed voluminous discovery and his willingness to provide an item-by-item privilege log cannot be characterized as bad faith.[6] Finally, the Court finds that Baker Donelson's argument that Shufeldt has waived any applicable privilege by putting privileged documents at issue in this action will be better addressed after Shufeldt has provided a revised privilege log.

Accordingly, Shufeldt will be allowed to file a revised item-by-item privilege log for all withheld materials. The log shall state with particularity Shufeldt's basis for withholding relevant documents. To avoid further disputes about the adequacy of the log, the parties shall meet and confer regarding its form within seven days of the date of this order. The Court finds that Baker Donelson's motion to compel supplemental responses to Interrogatory 25 and RFPs 23, 24, 30, and 32 is moot in light of Shufeldt's willingness to supplement those discovery responses and provide a revised privilege log. All of Baker Donelson's objections to Shufeldt's responses to those discovery requests turn on the adequacy of Shufeldt's privilege log, which now will be amended.

---

[6] None of the cases that Baker Donelson cites in support of its waiver argument involves similar efforts by the producing party's counsel. *See Brown v. Tellermate Holdings Ltd.*, No. 2:11-cv-1122, 2013 WL 1363738, at *4 (S.D. Ohio Apr. 3, 2013) (finding that defendant had waived settlement privilege where it first asserted the privilege in earnest "in response to a motion to compel (or under the threat of an impending motion)"); *OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, No. 04 Civ. 2271, 2006 WL 3771010, at *8 (S.D.N.Y. Dec. 15, 2006) (concluding that nonparty had waived any applicable privilege by asserting, without citing any authority, "that it 'had no obligation to provide [the requesting party] with a privilege log'"); *Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, at *2 (W.D. Mich. Feb. 13, 2001) (finding that defendant had waived any relevant privilege where its brief made "vague statements concerning the possibl[y] privileged nature of [various] documents . . ." but defendant had not submitted "a privilege log in support of its objections"). These cases are therefore distinguishable and do not control the outcome here.

## 2. Interrogatories 21–23

These interrogatories concern the NextCare transactions that led Shufeldt to assert breach-of-fiduciary-duty claims in the Arizona action:

> <u>Interrogatory 21</u>: State in detail the basis for your allegation in paragraph 40 of the complaint in the [Arizona] Action that "[t]he 2012 Challenged Transaction was also the result of an unfair process and unfair price," and identify all documents relating to or supporting your response to this interrogatory.
>
> \* \* \*
>
> <u>Interrogatory 22</u>: State in detail the basis for your allegation in paragraph 30 of the complaint in the [Arizona] Action that "[t]he valuation of the Company was further manipulated, allowing EEF[7] to cement its control over the Company," and identify all documents relating to or supporting your response to this interrogatory.
>
> \* \* \*
>
> <u>Interrogatory 23</u>: State in detail the basis for your allegation in paragraph 41 of the complaint in the [Arizona] Action that "[i]f the Challenged Transactions were done correctly and in good faith, Plaintiff and the other founders of the Company would continue to own in excess of 25% of NextCare's stock, as opposed to the 1.3% claimed," and identify all documents relating to or supporting your response to this interrogatory.

(Doc. No. 77, PageID# 730–32; *see also* Doc. No. 77-4.) Baker Donelson argues that the information sought in these interrogatories is relevant because it goes to Shufeldt's claim that he be awarded damages in this action because he settled his claims against NextCare in the Arizona action for less than they were worth due to Baker Donelson's negligence. (Doc. No. 77.) In his initial responses to these interrogatories, Shufeldt objected that they sought disclosure of privileged materials that are subject to confidentiality orders and agreements. (*Id.*) During a discovery dispute conference, the Magistrate Judge agreed that the interrogatories sought relevant information and instructed Shufeldt to supplement his responses with all non-privileged responsive facts. (*Id.*)

---

7    EEF stands for "Enhanced Equity Fund, L.P." (Doc. No. 70-4, PageID# 547.)

Baker Donelson argues that Shufeldt's supplemental responses to these interrogatories are inadequate. In responding to Interrogatories 21 and 22, Shufeldt referred to an expert report prepared by Matthew Morris, whom Shufeldt retained in the Arizona action, opining that the 2012 NextCare transaction was the result of an unfair process and that the valuation of NextCare was manipulated. (*Id.*) Shufeldt further stated, in responding to Interrogatory 21, that "pertinent source documents in [his] care, custody[,] and control . . . have been shared with [Baker Donelson]." (Doc. No. 77-4, PageID# 825.) Baker Donelson argues that Shufeldt never provided the Bates numbers associated with Morris's report or other pertinent source documents and that, because Mr. Morris is not an expert in this action, he cannot be compelled to testify. (Doc. No. 77.) In responding to Interrogatory 23, Shufeldt stated that the basis for his claim in the Arizona action that his ownership interest in NextCare had been diluted to 1.3% was a February 19, 2013 letter to NextCare written by Baker Donelson attorney Patton Hahn. (Doc. No. 77-4.) Baker Donelson does not explain its argument that this response is inadequate.

The arguments raised regarding these interrogatories appear now to be moot. With respect to Interrogatories 21 and 22, Shufeldt explains that Morris's report "was specifically identified as an exhibit to the Rule 26 report of Shufeldt's expert witness Robert Hackett." (Doc. No. 80, PageID# 912.) Shufeldt also states that he emailed Baker Donelson's counsel the Bates numbers for three valuation studies of NextCare, all of which support Shufeldt's claim that the 2012 NextCare transaction was the result of an unfair process. (Doc. No. 80.) Regarding Interrogatory 23, Shufeldt reiterates that Baker Donelson is the source of his claim that his ownership interest in NextCare was diluted to 1.3%. (*Id.*) Baker Donelson does not respond to any of these arguments in its reply. The Court thus finds that any issues concerning these interrogatories have been resolved.

Baker Donelson's first motion to compel will be found moot.

**B.     Shufeldt's First Motion to Compel**

Many of the claims raised in this motion are also now moot. Shufeldt seeks an order requiring Baker Donelson to provide its documents in native format, which, Shufeldt concedes, Baker Donelson has largely done. The only remaining issue is whether Baker Donelson should be ordered to produce its copies of the memoranda produced on October 1, 2014, and October 2, 2014, in their native formats. Baker Donelson argues that the relevant metadata can be extracted from TIFF versions of the memoranda that have been produced. (Doc. No. 101.) Shufeldt disagrees, claiming that the necessary metadata, which includes the date and time a document was last saved and printed and the name of the person who last saved it, cannot be extracted from the TIFF files. (Doc. No. 104.)

The Court finds that Baker Donelson must produce the native versions of these documents. Although the parties did not meet and confer about Baker Donelson's alleged alteration of the memoranda at issue before Shufeldt filed his motion to compel, they did meet and confer about the motion's central request—that Baker Donelson produce all documents in native format. Shufeldt's motion is therefore properly before the Court, despite Baker Donelson's contrary argument. Baker Donelson has not offered any substantive reason why Shufeldt should not have the metadata he seeks, arguing only that the relevant documents were altered prior to production as result of inadvertent error rather than bad faith. Accordingly, Shufeldt's motion to compel will be granted in part and Baker Donelson will be ordered to produce all copies of the memoranda shared with Shufeldt on October 1, 2014, and October 2, 2014, in their native formats.

**C.     Baker Donelson's Second Motion to Compel**

This motion concerns Shufeldt's response to Baker Donelson's RFP 29, which seeks all documents related to the Arizona action and Shufeldt's alleged destruction of relevant evidence

during that action. (Doc. No. 98.) Baker Donelson seeks an order compelling Shufeldt to (1) clarify whether he has completely responded to RFP 29 and, if he has not, requiring him to produce any additional responsive documents within fifteen days and (2) provide an affidavit detailing the steps he took to preserve responsive documents in this case. (*Id.*) Baker Donelson's motion will be granted in part as it pertains to RFP 29, but denied as to Baker Donelson's request that Shufeldt provide a sworn affidavit regarding his preservation efforts.

### 1. RFP 29

Baker Donelson's RFP 29 seeks "[a]ll documents relating to, referencing or obtained during the course of the [Arizona action], including but not limited to pleadings, orders, correspondence, discovery, documents obtained from parties or third parties in discovery, documents obtained informally, *etc.*" (Doc. No. 98-1, PageID# 1193 (emphasis in original).) Shufeldt objected to the request, arguing that it seeks privileged materials and is overly broad and unduly burdensome. (*Id.*) Despite those objections, Shufeldt stated that he would produce his "Separation Agreement and the discoverable documents relevant to the parties' claims and defenses and proportional to the needs of the case that are responsive to this request." (*Id.*)

Baker Donelson is concerned that Shufeldt has withheld responsive documents not encompassed by that response. (Doc. No. 98.) Baker Donelson subpoenaed from NextCare all documents relating to the Arizona action in February 2019. (*Id.*) NextCare responded by producing 72,000 pages of documents. (*Id.*) Of those, 61,974 pages were documents produced to Shufeldt during the Arizona action that Baker Donelson argues Shufeldt should also have produced in response to RFP 29. (*Id.*) To Baker Donelson, "it is self-evident that Shufeldt's document production is deficient" because Shufeldt has produced only 49,466 pages of documents in this case. (*Id.* at PageID# 1149.) Baker Donelson also claims that Shufeldt has admitted that he did not

retain any documents relating to the Arizona action. (Doc. No. 98) Baker Donelson requests that Shufeldt be ordered to supplement his response to RFP 29 with "a clear and unambiguous representation as to whether Shufeldt has produced any and all documents related to the [Arizona action] that are within his possession, custody, or control." (*Id.* at PageID# 1154.) If he has not, Baker Donelson requests an order requiring him to produce those documents within fifteen days. (Doc. No. 98.)

Shufeldt denies that he failed to retain documents from the Arizona action, claiming that he "has obtained more than 35,000 pages of documents from his former attorneys in Arizona, and . . . has supplied counsel with more than 18,000 pages of his own documents." (Doc. No. 102, PageID# 1243.) Further, Shufeldt states that he has not produced all documents responsive to RFP 29 because some "are privileged attorney-client or work product documents or settlement-related materials that are exempt from discovery." (*Id.* at PageID# 1244.) Shufeldt also argues that Baker Donelson waived any argument based on his response to RFP 29 by failing to raise it in the first discovery dispute conference and that, regardless, RFP 29 is overly broad. (Doc. No. 102.)

Given that Shufeldt has withheld documents responsive to RFP 29 based on various privileges, he should supplement his response to RFP 29 after completing his revised privilege log. Shufeldt's other objections to RFP 29 are without merit. Baker Donelson could not have raised its objection until it received NextCare's subpoena response in the fall of 2019, well after it filed its first motion to compel. Further, Shufeldt's objection that RFP 29 is overbroad is not developed enough to be persuasive. In the absence of any argument from Shufeldt explaining why documents from the underlying action are not relevant to his claims, his objection that RFP 29 is overly broad fails.

Accordingly, Shufeldt will be ordered to supplement his response to RFP 29 to clarify whether he has produced all responsive documents and whether he is withholding any on the grounds of privilege. Any documents withheld on grounds of privilege shall be noted in the revised privilege log.

### 2. Affidavit Regarding Preservation Efforts

Baker Donelson asks the Court to order Shufeldt "to provide a sworn declaration stating in clear and unambiguous terms every step he took to preserve and collect documents from the underlying litigation that were within his possession, custody, or control." (Doc. No. 98, PageID# 1155.) The basis of this request is Shufeldt's alleged admission that certain documents were destroyed during the Arizona action under the terms of a protective order entered in that case. (Doc. No. 98.) Baker Donelson argues that, by the time the documents were destroyed, Shufeldt had already stated his intention to sue Baker Donelson and therefore had a duty to preserve relevant evidence. (*Id.*) His failure to do so, according to Baker Donelson, may warrant the imposition of sanctions. (*Id.*)

Shufeldt responds that Baker Donelson's request for spoliation discovery should be denied because Baker Donelson has not made a preliminary showing that he or his present counsel destroyed or failed to preserve evidence. (Doc. No. 102.) Rather, all Baker Donelson has shown is that Shufeldt's "former counsel, not [Shufeldt], destroyed relevant information pursuant to an agreed protective order entered in the case in which the former attorney provided representation." (*Id.* at PageID# 1248.) Baker Donelson replies that the duty to preserve relevant information applied to Shufeldt equally. (Doc. No. 103.)

Each party to civil litigation is required to preserve evidence that the party knows or should know may be relevant to current or future litigation. *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir.

2008). In certain circumstances, the parties may investigate the adequacy of one another's preservation efforts through discovery. *See Konica Minolta Bus. Sols., U.S.A. Inc. v. Lowery Corp.*, No. 15-cv-11254, 2016 WL 4537847, at *5–6 (E.D. Mich. Aug. 31, 2016) (explaining that discovery into a party's preservation efforts and other topics was needed before entering spoliation sanctions). Such investigation is especially relevant where the adequacy of a party's preservation efforts is in question. *See EPAC Techs., Inc. v. Thomas Nelson, Inc.*, No. 3:12-cv-00463, 2015 WL 13729725, at *6 (M.D. Tenn. Dec. 1, 2015) (finding that discovery into defendant's litigation hold notices would be allowed upon a preliminary showing of spoliation). However, because unbounded discovery into a party's preservation efforts can become a "fishing expedition[,]" spoliation discovery is appropriately limited to investigation of the allegedly destroyed evidence. *Mannina v. District of Columbia*, --- F. Supp. 3d ---, 2020 WL 555056, at *9 (D.D.C. Feb. 4, 2020).

Here, Shufeldt's concession that his former counsel destroyed relevant evidence during the Arizona action raises a question as to the adequacy of Shufeldt's preservation efforts. Shufeldt's claim that there has been no preliminary showing of spoliation because he did not personally destroy the documents is unpersuasive. Although "'the obligation to preserve evidence runs first to counsel, who then has a duty to advise and explain to the client [his] obligations to retain pertinent documents that may be relevant to the litigation[,]'" *John B. v. Goetz*, 879 F. Supp. 2d 787 (M.D. Tenn. 2010) (quoting *Telecom Int'l Am. Ltd. v. AT & T Corp.*, 189 F.R.D. 76, 81 (S.D.N.Y. 1999)), Shufeldt has not alleged that his former counsel failed to advise him of his preservation obligations and that he was otherwise unaware of them. Further, a lawyer's destruction of relevant evidence can support the imposition of spoliation sanctions against the lawyer's client. *See, e.g.*, *Univ. of Pittsburgh v. Townsend*, No. 3:04-cv-291, 2007 WL 1002317,

at *3–5 (E.D. Tenn. Mar. 30, 2007) (finding that spoliation sanctions could be imposed against plaintiff due to his counsel's destruction of discoverable evidence but ultimately declining to impose them because counsel did not act with the necessary intent). Accordingly, Baker Donelson may conduct discovery into Shufeldt's former counsel's destruction of relevant evidence. However, Baker Donelson's request that Shufeldt provide a sworn declaration regarding all preservation efforts related to the Arizona action is too broad and will be denied. *See Mannina*, 2020 WL 555056, at *9 ("Without some showing that other relevant evidence was destroyed— such as references to a missing document, or witness testimony regarding a missing document— further discovery into the scope of any alleged spoliation would be a mere fishing expedition.").

For the foregoing reasons, Baker Donelson's second motion to compel will be granted in part and denied in part. Shufeldt will be ordered to supplement his response to RFP 29 after completing his revised privilege log. Baker Donelson's request that Shufeldt provide a sworn declaration stating the steps he took to preserve documents from the Arizona action will be denied. Instead, Baker Donelson may conduct limited discovery into Shufeldt's former counsel's alleged destruction of relevant documents under the terms of an agreed protective order entered in the Arizona action.

### D.    Shufeldt's Second Motion to Compel

Shufeldt seeks an order compelling Baker Donelson to (1) appear at a deposition noticed under Federal Rule of Civil Procedure 30(b)(6) and supplement its response to Shufeldt's related RFP 1, which seeks Baker Donelson's record-retention policies and procedures and (2) supplement its response to RFPs 8 and 9, which seek documents showing the identities of the people who helped Baker Donelson produce the October 1 and October 2, 2014 memoranda. (Doc. Nos. 99, 100.) Shufeldt's motion will be granted with respect to the deposition but denied with respect to the RFPs.

### 1.    Baker Donelson's Rule 30(b)(6) Deposition

Rule 30(b)(6) authorizes a party to notice the deposition of a corporate representative. Fed. R. Civ. P. 30(b)(6). The notice "must describe with reasonable particularity the matters for examination." *Id.* That requirement "enable[s] the responding organization to identify the person who is best situated to answer questions about the matter . . . ." 8A Charles A. Wright et al., *Federal Practice and Procedure* § 2103 (3d ed. updated Aug. 2019). Failure to appear at a Rule 30(b)(6) deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). A responding party who fails to appear at a Rule 30(b)(6) deposition without filing a motion for a protective order may be subject to sanctions. Fed. R. Civ. P. 37(d)(1)(A)(i). "It 'is not proper practice [ ] to refuse to comply with the [Rule 30(b)(6)] notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel.'" *U.S., ex rel. Fry v. Health All. of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *2 (S.D. Ohio Nov. 20, 2009) (alterations in original) (quoting *New Eng. Carpenters Health Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007)).

But that is precisely what Baker Donelson did here. After Shufeldt noticed Baker Donelson's 30(b)(6) deposition for September 16, 2019, Baker Donelson responded with a list of objections and stated that, "[b]ecause none of the topics of inquiry are appropriate, Baker Donelson will not be producing a witness on September 16, 2019." (Doc. No. 95-1, PageID# 1127.) Baker Donelson did not file a motion for a protective order, which forced Shufeldt to file a motion to compel Baker Donelson to appear for deposition and respond to questions about the billing and timekeeping policies that governed the conduct of his former Baker Donelson attorneys as well as

applicable record-retention procedures. Baker Donelson's argument that all of the discovery that Shufeldt seeks is unjustified spoliation discovery should have been raised in a motion for a protective order under Rule 26(c). This procedural deficiency is alone enough to grant Shufeldt's motion to compel. *See U.S., ex rel. Fry*, 2009 WL 5227661, at*2; *see also New Eng. Carpenters Health Benefits Fund*, 242 F.R.D at 166.

Further, it is not apparent that all of the testimony that Shufeldt seeks is properly characterized as spoliation discovery. Shufeldt argues that the timekeeping and billing policies that governed his former attorneys' conduct are relevant to determining whether Baker Donelson negligently allowed the statute of limitations on his claims against NextCare to expire. (Doc. No. 100.) Shufeldt points out that Baker Donelson's first invoice referencing statute of limitations research is dated September 26, 2014, which is inconsistent with a recently disclosed email showing that Baker Donelson attorney Hahn had done such research in March 2014 and shared it with another attorney. (*Id.*) Shufeldt also emphasizes that Baker Donelson produced prebills for its November 22, 2013 invoice but none for its April 4, 2014 invoice, which does not mention statute of limitations research. (Doc. No. 104.) Shufeldt argues that all of this "makes the requested discovery regarding the identities, practices and recollections of the attorneys who reviewed Hahn and Winger's prebills relevant to Shufeldt's claims that his lawyers missed the statute of limitations." (*Id.* at PageID# 1262.) The Court agrees that, to the extent that Shufeldt's malpractice claim hinges on when his Baker Donelson attorneys were conducting statute of limitations research, Baker Donelson's timekeeping and billing policies and practices are relevant insofar as they reveal when such research took place.

Accordingly, Shufeldt's motion to compel Baker Donelson to appear for a Rule 30(b)(6) deposition will be granted. Baker Donelson will be ordered to appear at the next properly noticed deposition, barring the filing of a motion for a protective order.

## 2.     RFP 1

This RFP seeks Baker Donelson's "record retention policies and procedures, including those which pertain to external and internal email communications, in effect from and after January 1, 2013, both generally and with respect to [Baker Donelson's] Birmingham, Alabama office." (Doc. No. 95-2, PageID# 1133–34.) Baker Donelson objected to that request on the ground that it seeks information that is irrelevant, unlikely to lead to admissible evidence, and disproportionate to the needs of the case. (Doc. No. 95-2.) Shufeldt now seeks an order compelling Baker Donelson to supplement its response to a modified version of RFP 1, which seeks only Baker Donelson's "record and retention policy and procedures as to attorney time records, bills and prebills." (Doc. No. 100, PageID# 1222.) Baker Donelson again labels Shufeldt's request spoliation discovery and argues that there is no factual basis to support it. (Doc. No. 101.)

The Court agrees that Shufeldt has not offered an adequate reason to support discovery into Baker Donelson's record-retention policies and procedures. Shufeldt has not alleged that Baker Donelson destroyed any relevant records, only that certain records—including prebills for the April 4, 2014 invoice—do not exist. Baker Donelson responds that it "did not have a policy for retaining these draft bills, but has searched for and produced all prebills in its possession related to its representation of Shufeldt." (Doc. No. 101, PageID# 1238.) The Sixth Circuit has explained that "[a] failure to collect evidence that may or may not have been available for collection is very different from the intentional destruction of evidence that constitutes spoliation." *United States v. Greco*, 734 F.3d 441, 447 (6th Cir. 2013). In the absence of an allegation that Baker Donelson had

a duty to preserve prebills from 2014 and that Baker Donelson breached that duty, there has been no preliminary showing of spoliation that would warrant discovery into Baker Donelson's record-retention practices. Shufeldt effectively concedes that he has not made such a showing when he states, "[i]f the [discovery he is seeking] indicates that spoliation has taken place, then [Baker Donelson] also should be required to provide substantive responses to [RFPs 2–5]." (Doc. No. 100, PageID# 1222.) Accordingly, Shufeldt's motion to compel a supplemental response to RFP 1 will be denied.

### 3. RFPs 8 and 9

These RFPs seek the identities of the people who participated in the production of the altered versions of the memoranda from October 1, 2014, and October 2, 2014, respectively. (Doc. No. 100.) Baker Donelson opposes these requests on the grounds that they seek irrelevant information and are unduly burdensome. As discussed above, Baker Donelson will be ordered to produce these memoranda in their native formats, which, according to Shufeldt, will enable him "to determine the extent of [Baker Donelson's] alterations and spoliation, apply for the appropriate remedies, and otherwise have a full and fair opportunity to obtain discovery in this case." (Doc. No. 79, PageID# 859.) The Court finds that RFPs 8 and 9 are premature and will not compel responses to them at this time. Shufeldt may renew these requests if appropriate after analyzing the metadata from the native versions of the memoranda.

For the foregoing reasons, Shufeldt's second motion to compel will be granted with respect to the Rule 30(b)(6) deposition of Baker Donelson but denied with respect to his RFPs.

## IV.    Conclusion

For the foregoing reasons, Baker Donelson's first motion to compel (Doc. No. 77) is FOUND MOOT; Shufeldt's first motion to compel (Doc. No. 78) is GRANTED IN PART AND FOUND MOOT IN PART; Baker Donelson's second motion to compel (Doc. No. 98) is GRANTED IN PART AND DENIED IN PART; and Shufeldt's second motion to compel (Doc. No. 99) is GRANTED IN PART AND DENIED IN PART. The parties shall supplement their discovery responses consistent with this Order by April 28, 2020.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge