# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| JOHN J. SHUFELDT, M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No: 3:17-cv-01078 ) JURY DEMAND |
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., | ) ) JUDGE RICHARDSON ) MAGISTRATE JUDGE NEWBERN |
| Defendant. | ) |

## DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") hereby propounds this second set of interrogatories to plaintiff John J. Shufeldt, M.D. ("Shufeldt"), the answers to which are to be served within thirty (30) days of service hereof.

## DEFINITIONS & INSTRUCTIONS

1. The term "identify" when used in any interrogatory or request shall mean:

    (a) <u>when used in reference to an individual</u>, to state his full name and present or last known address, telephone number, the full name and present or last known address of his employer or business, and the individual's position with said employer or business; <u>when used in reference to an organization or entity</u>, to state its full name and present or last known address, telephone number, and fully describe the business or activity in which the organization or entity is engaged;

    (b) <u>when used in reference to a document</u>, to state the date, author, recipients, type of document (e.g., letter, memorandum, photograph, telegram, tape recording, etc.), subject matter and its present or last known location and custodian. If any such document was, but is no longer, in your possession or custody or subject to your control, state what disposition was made of it;

    (c) <u>when used in reference to a statement, representation or communication</u>, to provide the date, persons involved, form of the statement, representation or communication (e.g. whether in person, in writing, by telephone), and subject matters discussed; and

02546852

**EXHIBIT A**

(d) <u>when used in reference to a legal action or proceeding</u>, to provide the full name of the parties, the name of the court, the case or docket number, and the nature and current status of the action or proceeding.

2. The term "document" as used in any interrogatory or request shall be defined to the broadest extent permitted by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, every writing or record of every type and description that is or has been in your possession, control or custody, or of which you have knowledge, including but not limited to videotapes, photographs, charts, notes, records, reports, letters, memoranda, books, magazines, notebooks, diaries, papers, agreements, contracts, bills, statements, invoices, analyses, transcripts, correspondence, telegrams, drafts, data processing discs or tapes and computer-produced interpretations thereof, x-rays, instructions, announcements and sound recordings and transcripts thereof. "Document" shall also include all copies that are not identical to the original, such as those bearing marginal comments, alterations or other notations not present on the original document as originally written, typed or otherwise prepared.

3. "Document" includes all "electronically stored information" ("ESI") as that term is used in the Federal Rules of Civil Procedure. All ESI is to be produced in native format and is to include all metadata associated therewith.

4. The terms "you" or "your" refer to plaintiff, his agents, attorneys and other representatives.

5. "NextCare" refers to NextCare Holdings, Inc.

6. "Underlying Action" refers to the litigation styled *Shufeldt v. NextCare Holdings, Inc. et al.*, Maricopa County, Arizona Superior Court, No. CV2015-054203.

7. "EEF" refers to Enhanced Equity Fund, L.P.

8. "2010 Stock Transaction" refers to the stock transaction you refer to as "the 2010 Challenged Stock Transaction" in your complaint in the Underlying Action beginning at paragraph 3.

9. "Directors" and "board of directors" refer to the individuals who served on the board of directors of NextCare at the time of the 2010 Stock Transaction.

## **INTERROGATORIES**

26. State all facts on which you base your contention in paragraph 47 of your complaint in the Underlying Action that the directors of NextCare breached their fiduciary duty of loyalty in connection with the 2010 Stock Transaction.

**RESPONSE:**

27. State all facts on which you base your contention in paragraph 47 of your complaint in the Underlying Action that the directors of NextCare breached their fiduciary duty of care or good faith in connection with the 2010 Stock Transaction.

**RESPONSE:**

28. State all facts on which you base your contention in paragraph 20 of your complaint in the Underlying Action that any or all of the directors of NextCare had a conflict of interest or were otherwise not independent in connection with the 2010 Stock Transaction.

**RESPONSE:**

29. State all facts on which you base your contention in paragraphs 10, 20, and 47 of your complaint in the Underlying Action that EEF breached its fiduciary duty of loyalty in connection with the 2010 Stock Transaction

**RESPONSE:**

30. State all facts on which you base your contention in paragraphs 10, 20, and 47 of your complaint in the Underlying Action that EEF breached its fiduciary duty of care or good faith in connection with the 2010 Stock Transaction

**RESPONSE:**

31. State all facts on which you base your contention in paragraph 3 of your complaint in the Underlying Action that EEF controlled NextCare's board of directors at the time of the 2010 Stock Transaction.

**RESPONSE:**

32. State all facts on which you base your contention in paragraph 3 of your complaint in the Underlying Action that EEF controlled NextCare's management at the time of the 2010 Stock Transaction

**RESPONSE:**

33. State all facts on which you base your contention in paragraph 3 of your complaint in the Underlying Action that EEF appointed half of the directors who sat on NextCare's board at the time of the 2010 Stock Transaction.

**RESPONSE:**

34. State all facts on which you base your contention, if any, that EEF dictated the terms of the 2010 Stock Transaction.

**RESPONSE:**

35. State all facts on which you base your contention, if any, that EEF derived a benefit from the 2010 Stock Transaction to the exclusion of any of NextCare's other shareholders.

**RESPONSE:**

36. State all facts on which you base your contention, if any, that the board of director's decision to approve the 2010 Stock Transaction was in bad faith.

**RESPONSE:**


37. State all facts on which you base your contention, if any, that the board of director's decision to approve the 2010 Stock Transaction had no rational basis.

**RESPONSE:**


38. Identify everyone at NextCare who prepared, reviewed, and approved the financial projections that were provided to Arcstone Partners in advance of the 2010 Stock Transaction, as you allege in paragraph 3 of your complaint in the Underlying Action.

**RESPONSE:**


39. Identify everyone at EEF who prepared, reviewed, and approved the financial projections that were sent to Arcstone Partners in advance of the 2010 Stock Transaction, as you allege in paragraph 3 of your complaint in the Underlying Action.

**RESPONSE:**


                            Respectfully submitted,

                            /s/ W. Scott Sims
                            W. Scott Sims (#17563)

Michael R. O'Neill (#34982)
Mark W. Lenihan (#36286)
SIMS|FUNK, PLC
3322 West End Avenue, Suite #200
Nashville, TN 37203
(615) 292-9335
ssims@simsfunk.com
rpeal@simsfunk.com
mlenihan@simsfunk.com

*Counsel for Defendant*