## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: April 02, 2021

Mark W. Lenihan
Michael O'Neill
Mr. W. Scott Sims
Sims Funk
3322 W. End Avenue
Suite 200
Nashville, TN 37203

Mr. August C. Winter
Law Office
750 Old Hickory Boulevard
Building 2, Suite 150
Brentwood, TN 37027

Re: Case No. 20-5877, *John Shufeldt v. Baker, Donelson, Bearman*
Originating Case No. : 3:17-cv-01078

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Lynda M. Hill

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0171n.06

Case No. 20-5877

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JOHN J. SHUFELDT, MD, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Apr 02, 2021 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| BAKER, DONELSON, BEARMAN, | ) | DISTRICT OF TENNESSEE |
| CALDWELL & BERKOWITZ, PC, a | ) | |
| professional corporation, | ) | |
| | ) | |
| Defendant-Appellee. | ) | O P I N I O N |

**BEFORE:  CLAY, READLER, and MURPHY, Circuit Judges.**

**CLAY, Circuit Judge**. Plaintiff John J. Shufeldt, M.D., appeals the district court's dismissal of his complaint against Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson"), for legal malpractice. Because we find that the district court erred in applying judicial estoppel to dismiss Shufeldt's complaint, we **REVERSE** the district court's order granting Baker Donelson's motion to dismiss and **REMAND** the case for further proceedings.

### BACKGROUND

Dr. Shufeldt is the founder, former Chairman of the Board, former Chief Executive Officer, and largest shareholder of NextCare Holdings, Inc. ("NextCare"), a corporation with its

headquarters in Arizona that owns and runs urgent care facilities throughout the country. In 2010, the Department of Justice launched an investigation into NextCare for potential violations of the False Claims Act for conducting unnecessary medical testing on patients.[1] Shufeldt maintained that no wrongdoing had occurred, but he eventually decided to resign his position as CEO and Chairman after being pressured by the corporation's Board of Directors. Less than two months later, Enhanced Equity Fund, L.P., the controlling stockholder, and other individuals allegedly purchased preferred stock from NextCare at a manipulated price, making the common stock owned by Shufeldt appear worthless.

In February 2013, Shufeldt retained Baker Donelson to retrieve corporate documents from NextCare as well as to investigate any claims Shufeldt may have against NextCare for diluting and devaluing his stock. Baker Donelson sent a written demand to NextCare for the relevant corporate records, which NextCare refused to provide. Baker Donelson prepared a letter in response but ultimately failed to send it—the firm informed Shufeldt of its failure to send a response in October 2013. As a result, Baker Donelson neither gained access to NextCare's books and records, nor did the firm file suit against NextCare under Delaware Code § 220 to gain access to the books and records. The firm also failed to research the applicable statute of limitations on his claims before it expired, and only began researching the statute of limitations at Shufeldt's request on September 26, 2014. Shufeldt proceeded to fire Baker Donelson and hire other counsel to file suit against NextCare in Arizona. Before Shufeldt filed suit against NextCare, he entered into an agreement with Baker Donelson that tolled the applicable statute of limitations for any legal malpractice

---

[1] In June 2012, NextCare entered into a settlement agreement with the DOJ, in which NextCare agreed to pay $10,000,000.00 over three years and follow a corporate integrity agreement for five years.

claims Shufeldt had against the firm as well as any time-related defenses Baker Donelson could raise.[2]

Shufeldt filed suit against NextCare on October 7, 2015, for claims of self-dealing and breach of fiduciary duty in the Arizona Superior Court located in Maricopa County. In that action, NextCare filed a motion to dismiss Shufeldt's complaint arguing that his allegations were time-barred based on Arizona's two-year statute of limitations for claims regarding breach of fiduciary duty. In his opposition to the motion to dismiss, Shufeldt argued that the statute of limitations did not bar his claims because (1) Delaware's three year statute of limitations applied to his claims; (2) even if Arizona's statute of limitations applied, the claims were still timely because the statute of limitations did not begin running until 2015; and (3) regardless, the statute of limitations was tolled based on NextCare's fraudulent concealment of its misconduct and equitable estoppel.[3] The district court denied the motion to dismiss, finding that "[t]he statute of limitations issue at a minimum depends on disputed questions of fact that the Court cannot resolve at this stage of the litigation." (R. 75-4, Exh. D at PageID # 697.) After this ruling, Shufeldt and NextCare reached a confidential settlement agreement, under which NextCare paid Shufeldt $2,000,000.00 and agreed to pay Shufeldt liquidity payments based on the occurrence of conditions as set forth in the agreement.

On July 24, 2017, Shufeldt filed the instant suit in the U.S. District Court for the Middle District of Tennessee under diversity jurisdiction. He alleged that Baker Donelson had committed

---

[2] The parties executed the tolling agreement on August 31, 2015, but the substance of the agreement was made effective as of April 24, 2015. The agreement was also extended multiple times during the pendency of the litigation before the Arizona Superior Court.

[3] Shufeldt also alleged in his complaint that the action was timely for the above reasons, noting that Shufeldt only learned about the devaluation of his stock after he filed an action against NextCare in Delaware state court to compel NextCare to produce the requested documents, which was not concluded until July 8, 2015.

legal malpractice by failing to tell Shufeldt about the applicable statute of limitations on his claims against NextCare, and, as a result of Baker Donelson's negligence, he was unable to file a timely complaint against NextCare. Baker Donelson proceeded to file a motion for judgment on the pleadings, arguing that Shufeldt's claims were barred by judicial estoppel, as he had previously asserted before the Arizona Superior Court that his complaint against NextCare was timely filed, and was making the exact opposite contention in the present suit. While this motion was pending, Shufeldt filed a motion to amend the complaint to add allegations that clarified Shufeldt's claims and the issues presented in the complaint, namely providing further explanation of the tolling agreement between Shufeldt and Baker Donelson. The magistrate judge granted Shufeldt's motion to amend the complaint and denied Baker Donelson's motion for judgment on the pleadings as moot, reasoning that the arguments made in the parties' motions and responses overlapped and it would be more efficient for the district court to address them in one decision.

      Baker Donelson then filed a motion to dismiss the amended complaint on the grounds that Shufeldt was judicially estopped from claiming that Baker Donelson had been negligent in allowing the statute of limitations to expire. Baker Donelson argued that the relevant considerations informing whether a court should apply the doctrine counselled in favor of applying judicial estoppel in the present case. First, the firm argued that Shufeldt's position in the present case—that the statute of limitations on his claims against NextCare had expired—was clearly inconsistent with the position he took in the previous litigation with NextCare that his claims were timely filed. Given that this position was argued on the merits before the Arizona Superior Court and was included in his response to the firm's motion to dismiss, Shufeldt took this position under oath for purposes of judicial estoppel. Next, Baker Donelson contended that the Arizona court judicially accepted the position by denying NextCare's motion to dismiss based on there being

disputed facts as to the statute of limitations. Finally, the firm argued that Shufeldt would receive an unfair advantage if allowed to proceed with the present litigation, having prevailed on the motion to dismiss in the NextCare litigation and received a sizable settlement.[4]

. In response, Shufeldt argued that dismissal on the grounds of judicial estoppel was not appropriate because: (1) Shufeldt did not assert his previous position—that his claims were not barred by the statute of limitations—under oath since he did not testify, and he was allowed to assert different positions that could be argued in good faith; (2) the Arizona court did not judicially accept his position because the case was ultimately settled before the court could resolve the statute of limitations issue; and (3) Baker Donelson would not be unfairly disadvantaged if forced to proceed with the present action because it entered into a tolling agreement with Shufeldt knowing that he could bring suit against the firm if he did not receive a favorable result against NextCare.

The district court ultimately granted Baker Donelson's motion to dismiss, finding that the application of judicial estoppel was appropriate in this case.[5] The district court found that Shufeldt had made the previous inconsistent statement about the statute of limitations under oath by submitting written filings and participating in oral argument before the Arizona Superior Court, in which his attorneys certified that their legal and factual contentions were supported by existing law and evidence respectively. The court also found that the Arizona court adopted Shufeldt's position by denying NextCare's motion to dismiss, which the court deemed sufficient for purposes of judicial acceptance of the position given that the issue was addressed in a dispositive motion

---

[4] As an additional consideration, Baker Donelson argued to the district court that NextCare would lose the benefit of its bargain in entering into a settlement agreement with Shufeldt of keeping the settlement agreement confidential—in the present case NextCare would be required to produce documents pursuant to discovery requests and the terms of settlement would be made public.

[5] Before proceeding to the merits of the motion to dismiss, the district court determined that it could consider matters outside of the pleadings—namely documents in the record of the Arizona Superior Court litigation—that were integral to Baker Donelson's motion to dismiss.

Case No. 20-5877, *Shufeldt v. Baker, Donelson*

before the parties settled. The district court then determined that Shufeldt would receive an unfair advantage if allowed to proceed on his claims because he would potentially be able to recover again by switching positions; and it noted that the fact that Baker Donelson benefitted from having its potential liability reduced based on the NextCare settlement and having entered into the tolling agreement with Shufeldt did not factor into this analysis. And, while the terms of the settlement agreement had already been made public during the course of this litigation, the court found that the additional consideration of NextCare losing the benefit of its bargain in the settlement agreement with regard to related confidential settlement correspondence weighed in favor of applying judicial estoppel. This timely appeal followed.

## DISCUSSION

### Standard of Review

We review "*de novo* a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Additionally, we review "a district court's application of judicial estoppel under a *de novo* standard of review." *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe, LLP*, 546 F.3d 752, 757 (6th Cir. 2008); *Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 574 (6th Cir. 2020) ("[W]e have repeatedly held that judicial estoppel rulings are reviewed de novo.").

### Analysis

The only issue on appeal is whether the district court erred when it dismissed Shufeldt's complaint based on judicial estoppel. As we have previously indicated, "the doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted

Case No. 20-5877, *Shufeldt v. Baker, Donelson*

under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'"[6] *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). Judicial estoppel is intended "to protect the integrity of the judiciary by preventing a party from convincing two different courts of contradictory positions, which would mean that one of those two courts was deceived." *Audio Technica*, 963 F.3d at 575. But we have warned that judicial estoppel should be "applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." *Teledyne Indus.*, 911 F.2d at 1218.

Although "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," the Supreme Court has provided the following factors for courts to consider when applying the doctrine: (1) whether "a party's later position [is] clearly inconsistent with its earlier position;" (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (internal quotations and citations omitted).

---

[6] Although this case is being heard in diversity jurisdiction, we use principles of federal law in deciding whether to apply judicial estoppel. *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 n.4 (6th Cir. 1982) ("Although this is a diversity case, we believe that federal, rather than state, principles provide the rule of decision in this case. . . . The question [of judicial estoppel] primarily concerns federal interests, and, consequently, federal courts must be free to develop principles that most adequately serve their institutional interests.").

Case No. 20-5877, *Shufeldt v. Baker, Donelson*

## A. Prior Inconsistent Statement

In the present case, Shufeldt's position that his claims against NextCare were time-barred is clearly inconsistent with his previous position before the Arizona Superior Court that his claims were timely filed. In considering whether a party made an inconsistent statement in a previous case for purposes of judicial estoppel, we have noted that the doctrine "only applies when the positions at issue are clearly contradictory and the estopped party's conduct involves more than mistake or inadvertence" *Audio Technica*, 963 F.3d at 575 (internal quotations and citation omitted). In his complaint and response in opposition to NextCare's motion to dismiss, Shufeldt maintained that the claims were timely filed, arguing that the statute of limitations had not run because he did not receive the relevant documents from NextCare demonstrating the devaluation of his stock until 2015, the same year he filed his complaint.[7] In both filings, he also maintained that in any event the statute of limitations was tolled based on NextCare's fraudulent concealment of its misconduct. (R. 75-1, Exh. A at PageID # 634 ("[A]ny delay in bringing this action was the result of NextCare's false claim that it would provide Plaintiff with the demanded documents and then failing to actually provide the documents until Plaintiff brought a legal action."); R. 75-2, Exh B. at PageID # 654 ("Plaintiff's action is also timely because Defendants fraudulently concealed their wrongdoing.").) These statements are clearly contradictory to those in his present complaint against Baker Donelson, in which he alleges that "[d]uring the time that Baker Donelson represented Shufeldt,

---

[7] In his complaint against NextCare, Shufeldt alleged that "Plaintiff was not on notice that Defendants breached their fiduciary duty to him until he received the documents underlying the Challenged Transactions and an expert analyzed them." (R. 75-1, Exh. A at PageID # 634.) And "Plaintiff was forced to file an action in Delaware state court in order to compel the production of the requested documents," which "was not concluded until July 8, 2015." (*Id.*) Similarly, in the response in opposition to the motion to dismiss, Shufeldt argued that "[b]ecause Plaintiff did not and could not know about Defendants' illegal conduct until he received the Company's non-public internal documents, the statute of limitations (according to Arizona or Delaware law) did not begin to run until he finally received those documents in 2015." (R. 75-2, Exh. B at PageID # 651–52.)

the statutes of limitations on claims Shufeldt had against NextCare expired."[8] (R. 72, First Am. Compl. at PageID # 588.)

Shufeldt argues that these positions were not clearly contradictory because he alternatively alleged in the present complaint that (1) because of Baker Donelson's negligence his claims against NextCare were not timely filed and (2) even if the claims were timely, the delay in filing forced Shufeldt to settle the claims for a much smaller amount than they were worth based on NextCare's affirmative defense of the statute of limitations. We discussed in *Teledyne Industries* the interplay between inconsistent pleadings and judicial estoppel, noting that "judicial estoppel does not bar a party from contradicting itself, but from contradicting a court's determination that was based on that party's position." 911 F.2d at 1217 n.3. For example, in *City of Kingsport v. Steel & Roof Structure, Inc.*, we found that judicial estoppel did not apply where one of the defendants, SCM Corporation, who was a subcontractor on a construction project that was the basis of the suit, asserted in its answer the affirmative defense of the statute of limitations and alleged claims for contribution and indemnity in the event that the corporation was liable for damages. 500 F.2d 617, 619–20 (6th Cir. 1974). We reasoned that SCM's attorneys could in good faith both believe that the statute of limitations barred the complaint and that there was a chance SCM would lose on that argument, noting that "[t]here [was] nothing really even contradictory or inconsistent with the defenses pleaded" as "SCM sought indemnification only should their defenses fail." *Id.* at 619. In contrast, Shufeldt unequivocally asserted in the litigation with NextCare that his claims were

---

[8] Shufeldt contends in his complaint that "Baker Donelson was negligent and breached the applicable standard of care by failing to affirmatively and timely inform Shufeldt of the potential time bar applicable to his claims against NextCare and the possible loss of his ability to assert such claims if suit was not timely filed." (R. 72, First Am. Compl. at PageID # 590.) He further alleges that "[b]ecause of Baker Donelson's negligence, Shufeldt failed to file a complaint against NextCare by the required date." (*Id.*)

timely filed, and it is only now in his separate legal malpractice complaint against Baker Donelson that he puts forward these alternative theories.

Shufeldt also contends that the district court erred by ignoring the requirement from our controlling precedent that the previous inconsistent statement be made under oath.[9] *See Audio Technica*, 963 F.3d at 575 ("The doctrine of judicial estoppel bars a party from [] asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding . . . ." (quoting *Browning*, 283 F.3d at 775)); *Lorillard Tobacco Co.*, 546 F.3d at 757 (same); *Eubanks*, 385 F.3d at 897 (same). While Shufeldt is correct that we have previously required the inconsistent statement to be made under oath, his interpretation of the "under oath" requirement as necessitating that he have testified to the previous inconsistent statement is too narrow. We held in *Valentine-Johnson v. Roche* that the "under oath" requirement is met when a party previously asserted an inconsistent position in a written filing and argued the motion on the merits before the court. 386 F.3d 800, 812 (6th Cir. 2004). We reasoned that the Air Force had presented the inconsistent position during the previous litigation in a motion presented to the administrative judge, in which the Air Force certified pursuant to Federal Rule of Civil Procedure 11(b) that the contentions made in the motion "were warranted by existing law." *Id.* (cleaned up) (quoting Fed. R. Civ. P. 11(b)(2)). Given this certification, the fact that the inconsistent position was also argued before the administrative judge, and the equitable and flexible nature of judicial estoppel, we found that asserting an inconsistent position in a written filing and at oral argument could "be fairly analogized to taking a position 'under oath' for the purposes of judicial estoppel." *Id.*; *see also In*

---

[9] There is some confusion as to whether the "under oath" requirement still applies in this circuit, given that in *New Hampshire* the Supreme Court did not specifically mention that the inconsistent statement needed to be made under oath, but following *New Hampshire* we have continued to maintain the "under oath" requirement. *See Hagan v. Baird*, 288 F. Supp. 3d 803, 809 n.3 (W.D. Mich. 2018) ("In some opinions, the Sixth Circuit requires the party to take a position under oath for judicial estoppel to apply.").

*re B & P Baird Holdings, Inc.*, 759 F. App'x 468, 482 (6th Cir. 2019) (rejecting the argument that judicial estoppel does not apply unless the prior inconsistent statement was made during sworn testimony as being "overly technical," especially "in the context of an equitable doctrine that is 'not reducible to any general formulation of principle' and for which 'there are no inflexible or exhaustive prerequisites for determining its applicability'" (quoting *Valentine-Johnson*, 386 F.3d at 812)).

In the present case, Shufeldt asserted that his claims against NextCare were timely filed both in his complaint and his response in opposition to NextCare's motion to dismiss during the litigation before the Arizona court, in which he similarly certified that the claims he made were warranted by existing law. *See* Ariz. R. Civ. P. 11(b) ("By signing a pleading, motion, or other document, the attorney or party certifies that to the best of the person's knowledge, information, and belief formed after reasonable inquiry . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."). Additionally, his attorney asserted that his claims against NextCare were not time-barred in oral argument regarding the merits of NextCare's motion to dismiss. (R. 75-3, Exh. C at PageID # 680 ("Well, if our client's on notice at that point, that's when the statute of limitations start[ed] running . . . in April 2014. He realizes they don't get the documents, you know, May, June, so he's got two years from that point. That means he has until May 2016 to file his action, even using their argument. This case is timely.").) Accordingly, for purposes of judicial estoppel, Shufeldt made the previous inconsistent statement that his claims were timely filed under oath.

Case No. 20-5877, *Shufeldt v. Baker, Donelson*

### B. Judicial Acceptance of the Inconsistent Statement

Although Shufeldt did take an inconsistent position in his suit against NextCare, the district court erred in applying judicial estoppel because his previous position was not judicially accepted by the Arizona court. We have stated that judicial acceptance of the previous position "does not mean that the party against whom the judicial estoppel doctrine is to be invoked must have prevailed on the merits." *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6th Cir. 1988). Instead, "judicial acceptance means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *Teledyne Indus.*, 911 F.2d at 1218 (quoting *Edwards*, 690 F.2d at 599 n.5). For example, in *Valentine-Johnson*, we found that an administrative judge had judicially accepted the Air Force's previous position that the relevant agency lacked jurisdiction to hear Valentine-Johnson's termination claim after she had filed a complaint with the district court. 386 F.3d at 810, 812. We reasoned that while "the AJ did not explicitly grant the Air Force's motion, [] as a practical matter the AJ adopted and indeed advanced the Air Force's position to the detriment of Valentine–Johnson," having indicated at a teleconference an initial inclination to dismiss her claim based on the district court complaint. *Id.* at 812.

In contrast, "[s]ettlements, even in the form of an agreed order, ordinarily do not constitute judicial acceptance of whatever terms they contain" because in a settlement the court does not adopt one party's position and "judicial estoppel turns on the estopped party's having successfully convinced the earlier court that it was right." *Audio Technica*, 963 F.3d at 576 (quoting *Teledyne Indus.*, 911 F.2d at 1219). In *Teledyne Industries*, we determined that Teledyne could not assert judicial estoppel against the NLRB in its suit against the company alleging it committed an unfair labor practice by wrongfully discharging two striking workers, Stidham and Wheeler. 911 F.2d at

1215–16, 1218–19. Although the NLRB had previously sought to enjoin these same employees for misconduct during the strike, we found that there had been no judicial acceptance of the NLRB's previous position because of the NLRB's settlement of its complaint with those employees, which "contained no findings against Stidham and Wheeler," and as a result "the district court's entry of the agreed orders did not constitute acceptance of them." *Id.* at 1219. However, we have not applied this general rule in cases in which a bankruptcy court approves a compromise between a debtor and creditor because "the bankruptcy court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable" based on the parties' representations to the court. *Reynolds*, 861 F.2d at 473–74 (finding that the IRS was judicially estopped from asserting an inconsistent position before the Tax Court because the IRS's previous "representation that Mrs. Reynolds had received the sale proceeds and was taxable as an owner of the property was essential to the bankruptcy judge's approval of the parties' compromise"); *see also Watkins v. Bailey*, 484 F. App'x 18, 23 (6th Cir. 2012) (finding judicial acceptance when a state court had to approve a party's settlement).

In the present case, there was no judicial acceptance of Shufeldt's position that the statute of limitations did not bar his claims against NextCare because the case ultimately settled before the Arizona court adopted Shufeldt's position. While the Arizona court decided NextCare's motion to dismiss prior to the settlement and found in favor of Shufeldt, in its decision the court simply concluded that "[t]he statute of limitations issue at a minimum depends on disputed questions of fact that the Court cannot resolve at this stage of the litigation." (R. 75-4, Exh. D at PageID # 697.) The Arizona court did not make any findings of fact or law against NextCare—Shufeldt only convinced the court that his allegations regarding when he learned that the company was

Case No. 20-5877, *Shufeldt v. Baker, Donelson*

undervalued created a factual dispute as to whether the statute of limitations barred his claims, such that it was not appropriate at that time to dismiss his complaint. *See Teledyne Indus.*, 911 F.2d at 1219. While ruling from the bench at oral argument, the Arizona court also indicated:

> [W]hat's at issue is here is whether the plaintiff . . . knew that the company was undervalued. . . . [I]t appears that he did not know that until 2015. Whether he should have known it before then, that's a different question. But I can't say on the facts in the complaint that he should have known it before 2015.

(R. 75-3, Exh. C at PageID # 692.) The Arizona court did at least seem inclined to think that, based on the allegations regarding when Shufeldt learned that the company was undervalued, the statute of limitations had not run. But, given that the case settled after the decision on the motion to dismiss, the court never actually had the opportunity to determine—even as a preliminary matter—whether in fact Shufeldt's claims were timely filed. *See Audio Technica*, 963 F.3d at 576 (noting that when "the initial proceeding results in settlement, the position cannot be viewed as having been successfully asserted" (quoting *Edwards*, 690 F.2d at 599)).

Whereas in *Valentine-Johnson* the administrative judge functionally adopted the Air Force's position that the agency lacked jurisdiction to hear the claim by telling the parties that she intended to grant the motion to dismiss on that ground, in the present case, the Arizona court did not decide whether the statute of limitations barred Shufeldt's claims, instead noting that there were factual disputes regarding the statute of limitations that could not be resolved at the motion to dismiss stage. *See* 386 F.3d at 812. And unlike *Reynolds*, Shufeldt's representation that the statute of limitations did not bar his claims was not essential to the district court's denial on the motion to dismiss, because the court only needed to find that the facts were sufficiently disputed to deny the motion to dismiss. *See* 861 F.2d at 473–74. Ultimately, the Arizona court did not

Case No. 20-5877, *Shufeldt v. Baker, Donelson*

judicially accept Shufeldt's position that his claims were not barred by the statute of limitations.[10] As a result, the district court erred when it applied judicial estoppel to dismiss Shufeldt's complaint.

## CONCLUSION

For these reasons, we **REVERSE** the district court's dismissal of Shufeldt's complaint and **REMAND** the case for further proceedings.

---

[10] Given that we conclude that the Arizona court did not judicially accept Shufeldt's previous position, we need not address whether Shufeldt received an unfair advantage by asserting inconsistent positions before the Arizona court and the district court.

Case No. 20-5877, *Shufeldt v. Baker, Donelson*

**READLER, Circuit Judge, concurring in part and in the judgment.** Whether John Shufeldt took a position in the Arizona litigation inconsistent with his approach here is not entirely clear, in my mind. But I agree with the majority opinion that today's case is a poor candidate for application of the judicial estoppel doctrine in that the Arizona court did not "accept" any purported inconsistent statement by Shufeldt.

Nor, for that matter, has Shufeldt achieved an unfair advantage in the present litigation against Baker Donelson from his participation in the Arizona litigation. *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001) (describing the third element of judicial estoppel analysis as "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped"). Much to the contrary, in fact, when it comes to any potential recovery against Baker Donelson. By all accounts, Shufeldt, acting pursuant to the parties' tolling agreement, forewent litigation against Baker Donelson at the outset instead to attempt to recover from NextCare. Shufeldt then honored that commitment. On his claim for breach of fiduciary duty against NextCare, Shufeldt achieved a partial recovery by way of a settlement. That is no barrier to a potential recovery against Baker Donelson. After all, "[i]f two sets of people injure someone, what is unfair about permitting [the injured party] to recover from both of them?" *See Watkins v. Bailey*, 484 F. App'x 18, 27 (6th Cir. 2012) (Sutton, J., dissenting). With Shufeldt having conceded at oral argument that he would set off the amount recovered from NextCare against any recovery from Baker Donelson, it follows that—to the extent Baker Donelson has any liability here to Shufeldt, a point not before us today and one deeply contested by the parties—ultimate liability seemingly would be reduced by amounts Shufeldt already recovered from NextCare. *See id.* (finding there is no unfair advantage and no risk of double recovery when all a party seeks is the difference in recovery against a separate party). In

Case No. 20-5877, *Shufeldt v. Baker, Donelson*

other words, far from Shufeldt obtaining an unfair advantage here as a result of the Arizona litigation, it appears that Shufeldt's suit against NextCare would only benefit Baker Donelson in this litigation.

Any other conclusion runs the risk of rewarding Baker Donelson for arguably inducing Shufeldt initially to turn his litigation eye to NextCare. The parties' tolling agreement seemingly was premised on the notion that Shufeldt would first pursue relief against NextCare before (if ever) taking action against Baker Donelson. With Baker Donelson having paved the way for Shufeldt to proceed against NextCare, it is difficult to accept the law firm's contention that Shufeldt's decision to follow that path now forecloses any relief against the firm on judicial estoppel grounds. Whether any relief is appropriate, of course, is a question for another day.